Beck, J.
l. taxes: lectori su?-1" render of tax list. The objections made by appellant, and the facts of the case, will be noticed in the order in which they are presented in the assignment „ , , . ¿ „ , ° of errors and brief of counsel.
I. The defendant, after having received the duplicate tax list of the county treasurer, on the 10th day of May returned it; it was again delivered to him in July and thereupon he seized the property in controversy, for the *351 purpose of making the amount of taxes charged to the firm of which plaintiff was a member.
It is insisted that under section 8, chapter 137 of Acts 12th General Assembly, it was the duty of the township collector to return the duplicate tax list on the first Monday in May, and that he could acquire no authority to seize property thereon after that day. The evidence shows that the tax list was not returned by the collector with the intention of suspending the discharge of his duties as an officer, or closing them up, but for a different purpose. The plaintiff had claimed that he was not liable for the tax in question, and refused to pay it. Eor the purpose of laying the matter before the supervisors and obtaining their directions, defendant sent the tax list to the treasurer that it could be presented to them when they considered the question relating to the tax in dispute. The tax list was not in fact returned in the sense in which the word is used by appellant’s counsel. It would be quite proper for the collector to suspend his duties and part with the possession of the tax list for the purpose and in the manner shown by the evidence. This of itself would not'deprive him of authority to complete the collection of the delinquent taxes.
2_direo_ tory statutes. It is claimed that, under the statute above referred to, defendant had no authority to act after the first Monday in May; that if the taxes were not at that day copected, the law required the tax list to be returned, and that the defendant could not, thereafter, discharge the duty of collector. In our opinion the language of the law is directory as to the discharge of duty by the collector, and does not limit his power and authority to be exercised within the time named. It is a familiar rule of law that statutes prescribing the manner and time of the discharge of duties by public officers are directory, and want of compliance therewith does not render official acts void See Dishon v. Smith, 10 Iowa, 218; Higgins v. *352 Reed, 8 id. 298; Cavender v. Heirs of Smith, 1 id. 306. We conclude that the collector had authority after the first Monday of May, upon receiving again the duplicate tax list, to seize plaintiff’s property.
4._conveyerty before November, II. The tax was assessed upon certain real estate described as “ mill property.” After the assessment and before the 1st day of November the plaintiff (having acquired title to all of the property) BOid it to another. It is urged that, as the collector had notice of this sale, he coiüd not collect the tax from plaintiff. As between the vendor and vendee taxes become liens upon lands on the 1st day of November (chap. 110, Acts 9th Geni. Ass.), but we are not advised of any statutory provision that releases the vendor from liability on account of taxes levied upon property which he conveys before that day. Under the peculiar facts of the case, a part of the property upon which the tax was levied being undisposed of by plaintiff after November the first, and the collector having no authority to apportion the tax to the different owners, we are of opinion that plaintiff was liable therefor.
It is alleged that a portion of the property assessed consisted of personalty. No objection is raised in the assignment of errors based ' upon this fact. It will not therefore enter into our consideration of the case.
5- va?U0 description. III. The property assessed was described in the tax list as “ Steam Mill in South Lansing.” The appellant claims that this description is insufficient. For that we know it was the proper description of the real estate as shown by the plat of the town. At all events, it is not denied that it was subject to taxation and was lawfully assessed with the tax charged against it. Under this state of facts plaintiff cannot be relieved from liability for want of a sufficient description of the property to enable a stranger to identify it. B. & M. R. R. Co. v. Spearman, 12 Iowa, 112.
*353 6.■war,an IN. The duplicate tax list upon which plaintiff’s property, was seized had no warrant attached to it. Plaintiff claims that without such warrant attached . ^ ^ tax Rst, the collector had no authority to collect the taxes by distress of personal property. The law (Acts 12th Geni. Ass., ch. 137) provides that duplicate tax lists shall be made and delivered to the township collectors which “ may be used as an execution, and shall be sufficient authority for them to collect the taxes therein charged in any township in the county by distress and sale, or otherwise,” etc. There is no requirement in the law directing a warrant to be attached to the duplicate tax list, which shall “ be used as an execution.” As the law plainly dispenses with a warrant we cannot require it and hold the acts of the officer void because of the want of such an instrument.
The foregoing notices all the objections covered by the assignment of errors. In our opinion, they are not well taken.
The judgment of the circuit court is
Affirmed.