In re Appeal of F. A. BAILIES, Guardian, from the action
of the Board of Review of the City of Des Moines;
F. A. BAILIES, Guardian, Appellant, v. THE CITY
COUNCIL OF THE CITY OF DES MOINES, acting as a
Board of Review, for the year 1903, Appellee.

**Taxation:** ASSESSMENT OF CREDITS: DEDUCTION FOR DEBTS. The term
" debt " as used in Code, section 1311, does not include delin-
quent taxes in the sense that the statute authorizes a tax-
payer to set off against the assessment of his moneys and
credits, the unpaid taxes of a previous year, as a debt in good
faith owing by him.

*Appeal from Polk District Court.*— HON. JAMES A. HOWE,
Judge.

MONDAY, MARCH 13, 1905.

THIS is an appeal from the action of the board of review,
denying to the guardian the right to deduct certain indebted-
ness claimed by him from an assessment on moneys and
credits in his hands.— *Affirmed.*

*Parrish, Dowell & Parrish,* for appellant guardian.

*W. H. Bremner, M. H. Cohen,* and *R. B. Alberson,* for
appellee board of review.

DEEMER, J.— For the year 1903 the guardian herein
was assessed on moneys and credits in the sum of over $150,-
000.    On the 1st day of January of that year the guardian
managed and controlled certain real estate in Polk county,
which had been assessed for taxation for the year 1902, the
proportion chargeable to the guardian being $1,875.36.    In
addition thereto he had been assessed for the year 1902 on
moneys and credits held by him for his wards; the amount

of the tax thereon being $172.84. In making his return to the assessor for the year 1903 he claimed the right to offset against the moneys and credits in his hands on the 1st day of January of that year the amount of taxes assessed against him for the year 1902 which had not been paid. The assessor refused to allow the deduction, and the guardian appealed to the board of review, which also refused to allow the offset. Appeal was then taken to the district court, which also refused to allow the deduction; and the case comes here for a final determination of the question as to whether or not these unpaid taxes may be deducted.

Section 1311 of the Code provides that in making up the amount of moneys and credits which any person is required to list he will be entitled to deduct from the actual value thereof the gross amount of all debts in good faith owing by him, etc. Section 1350 provides that personal property shall be listed and assessed each year in the name of the owner thereof on the 1st day of January. Section 1403 makes it the duty of every person subject to taxation to attend at the office of the treasurer at some time between the first Monday in January and the 1st day of March following, and pay his taxes in full. And under our holdings one who sells property after taxes are levied and before they become a lien is, as between vendor and vendee, liable for the taxes. *Shaw v. Orr,* 30 Iowa, 355. The question presented is a narrow one, and turns upon what force and effect shall be given to the words " all debts in good faith owing by him," as found in section 1311 of the Code. Paragraph 2 of section 48 of the Code provides that words and phrases shall be construed according to the context and the approved usage of the language; but technical words and phrases, and such others as may have acquired a peculiar and appropriate meaning in law, shall be construed according to such meaning. Have the words " all debts " a technical meaning, or have they acquired such a peculiar and appropriate meaning in law as to give us help in the construction thereof ?

We think they have, and that they do not, when used in the ordinary accepted sense, include taxes. *Grunewald v. City of Cedar Rapids,* 118 Iowa, 226; *Plymouth Co. v. Moore,* 114 Iowa, 700; *Marshall Co. v. Knoll,* 102 Iowa, 573.

The general tenor of the authorities is to the effect that a tax in its essential characteristics is not a debt, but an impost levied by authority of government upon its citizens or subjects for the support of the State. It is not founded on contract or agreement, but operates in *invitum.* Whereas a debt is a sum of money due by certain and express agreement, and originates in or is founded upon contracts express or implied. In *Meriwether v. Garrett,* 102 U. S. 472 (26 L. Ed. 197), it is said: "A tax is a charge imposed by the Legislature for the purpose of revenue. It is not founded upon contract, and does not establish the relation of debtor and creditor. It is an enforced proportional contribution levied by authority of the State." See, also, the long collection of cases in volume 2, Words and Phrases, page 1883. It must be remembered that in the absence of statute there can be no deduction on account of debts, and he who would have such exemption must be able to point out a statute which gives it to him. We are not justified in extending such a statute beyond its express terms. There is nothing in the spirit of the act which suggests a liberal interpretation thereof. If appellant's contention prevails, it would be of advantage for one to delay paying his taxes from year to year, deducting the amount thereof, with penalties, from the aggregate of his moneys and credits held on the 1st day of January. As the term " debt " does not, either in its ordinary or technical sense, include taxes, we are not justified in so extending it as to include taxes levied, but not yet due. *Gilliam Co. v. Wasco Co.,* 14 Or. 525 (13 Pac. Rep. 324); *Hinchman v. Morris,* 29 W. Va. 673 (2 S. E. Rep. 863). " Debt " is a much more specific term than " demand " or " obligation," and it has a well-defined meaning in law. *Dunlap v. Gallatin Co.,* 15 Ill. 7; *McElhaney v.*

*Crawford,* 96 Ga. 174 (22 S. E. Rep. 895); *McElfresh v. Kirkendall,* 36 Iowa, 224; *Old Colony Co. v. Parker-Sampson-Adams Co.,* 183 Mass. 557 (67 N. E. Rep. 871). A debt is the subject-matter of set-off, and is liable to a set-off; a tax is neither. *Camden v. Allen,* 26 N. J. Law, 398. That the term " debt " does not include taxes, see, also, cases cited in 13 Cyc. 395. A debt, in a legal sense, looks to contract relations, express or implied. *People v. Halsey,* 53 Barb. 547; *Melvin v. State,* 121 Cal. 16 (53 Pac. Rep. 416). That taxes are not the subject of set-off, see, also, *Morgan v. Pueblo Co.,* 6 Colo. 478; *Finnegan v. Fernandina,* 15 Fla. 379 (21 Am. Rep. 292); *Gatling v. Commrs.,* 92 N. C. 536 (53 Am. Rep. 432). A statute exempting timber claims from debts does not apply to taxes. *Danforth v. McCook County,* 11 S. D. 258 (76 N. W. Rep. 940, 74 Am. St. Rep. 808). See, also, *Perry v. Washburn,* 20 Cal. 350; *Peirce v. City of Boston,* 3 Metc. (Mass.) 520; *Shaw v. Peckett,* 26 Vt. 486.

These cases, some of which are closely in point, indicate that the general trend of authority everywhere is to the effect that taxes are not debts in the ordinary or technical sense of that term, but enforced contributions, made to the State, which are neither the subject of set-off nor may they be used for that purpose. That the Legislature did not, by the language used, contemplate obligations due to the State, or to any of its smaller subdivisions, is, we think, apparent. The assessment is upon property owned by the individual, or upon which he is liable to pay taxes, on the 1st day of January in each year; and the debts which he may deduct are not those owing to the taxing power itself for its support during previous years, but *bona fide* obligations to others, which it may well be assumed would not escape taxation, but be given in by the person to whom the debts were owing. The object and purpose of the act was, no doubt, to prevent double taxation, and not to allow one to offset as against his assessable property an obligation which could

not be assessed to any one, but which was due to the taxing power itself.

We understand that in an opinion rendered by a former Attorney-General a different view was taken; but his reasoning is not satisfactory, nor does it meet with our approval. We grant that for some purposes a tax may be said to be a debt. But when used in a statute with reference to deductions from assessable property or to set-offs we know of no reason for giving the word a broader significance than it ordinarily has, to-wit, an obligation founded on contract, express or implied. This, added to the objects and purposes of the law, leaves it clear to our minds that unpaid taxes are not to be deducted from moneys and credits, as debts " in good faith owing " by the person who is required to list his property. True, he will have that much less the next year for assessment, provided nothing is added to his assets; but on the 1st day of January he has the amount in his hands, and there is no provision for any deduction on account of imposts levied by the State.

The order of the district court is correct, and it is *affirmed.*