Eobinson, J.
 

 This case originated in-the court of common pleas of Cuyahoga county, Ohio, upon
 
 *118
 
 a petition filed by the defendant in error against the plaintiffs in error to reverse, vacate, or modify the findings of the Tax Commission of Ohio, under the provisions of Section 5611-2, General Code. That court modified the findings of the Tax Commission. Error was prosecuted to the Court of Appeals, where the judgment of the court of common pleas was affirmed. Error is now prosecuted here.
 

 The sole question presented in the courts below and here is whether the defendant in error in making its personal property tax returns for the years 1919 and 1920 had the right to deduct from its credits, as legal and bona fide debts, United States income and excess profits taxes accruing and owing by it on the date as of which its returns were required to be made by law.
 

 The legal question is: Are unpaid taxes due or ascertained and to become due the United States to be deducted by an Ohio taxpayer in making up his statement of taxable credits? And, since the constitutionality of the statute defining credits, Section 5327, General Code, is challenged by the plaintiffs in error, the answer to the legal question requires the judgment of this court as to the constitutionality of the section; and, if held constitutional, an interpretation thereof.
 

 Section 5327 reads as follows:
 

 “The term ‘credits’ as so used, means the excess of the sum of all legal claims and demands, whether for money or other valuable thing, or for labor or service due or to become due to the person liable to pay taxes thereon, including deposits in banks or with persons in or out of the state, other
 
 *119
 
 than such as are held to be money, as hereinbefore defined, when added together, estimating every sneh claim or demand at its true value in money, over and above the sum of legal bona fide debts owing by such person. In making up the sum of such debts owing, there shall not be taken into account an obligation to a mutual insurance company, nor an unpaid subscription to the capital stock of a joint stock company, nor a subscription for a religious, scientific, literary, or charitable purpose; nor an acknowledgment of indebtedness, unless founded on some consideration actually received, and believed at the time of making such acknowledgment to be a full consideration therefor; nor an acknowledgment made for the purpose of diminishing the amount of credits to be listed for taxation; nor a greater amount or portion of a liability as surety, than the person required to make the statement of such credits believes that such surety is in equity bound, and will be compelled to pay, or to contribute, in case there are no securities. Pensions receivable from the United States shall not be held to be credits; and no person shall be required to take into account in making up the amount of credits, a greater portion of any credits than he believes will be received or can be collected, or a greater portion of an obligation given to secure the payment of rent than- the amount that has accrued on any lease and remains unpaid. ’ ’
 

 Article XII, Section 2, of the Constitution of Ohio, provides:
 

 “Laws shall be passed, taxing by a uniform rule, all moneys, credits, investments in bonds, stocks,
 
 *120
 
 joint stock companies, or otherwise; and also all real and personal property according to its true value in money * * *.”
 

 This section has so stood since 1851.
 

 On April 13, 1852 (50 O. L. 141), the Legislature enacted Section 10 of an act entitled “Am act for the assessment and taxation of all property in this state * * * to its true value in money,” which provides that “in making up the amount of moneys and credits which any person is required to list for himself or any other person, company or corporation, he shall be entitled to deduct from the gross amount of moneys and credits, the amount of all
 
 bona fide
 
 debts owing by such person, company or corporation * * * for a consideration received.” In 1853 in the case of
 
 Exchange Bank of Columbus
 
 v. Hines,
 
 Treas.,
 
 3 Ohio St., 1, this court held:
 

 “The tenth section of that law, which allows individuals and certain corporations, in giving their tax lists, to deduct their liabilities from the amount of their moneys and credits, is repugnant to the Constitution of Ohio, and is void. The Constitution permits no deduction of liabilities from moneys and credits.”
 

 In 1856 the General Assembly amended the taxation laws (53 O. L. 51), and in Section 5 of the act defined the term “credits” as follows:
 

 “The term ‘credits/ wherever used in this act, or in the acts to which this is amendatory, shall be held to mean the excess of the sum of all legal claims and demands, whether for money or other valuable thing, or for labor or service due or to become, due to the person liable to pay taxes there
 
 *121
 
 on, including deposits in banks or with persons in or out of this state, other than such as are held to be money as defined by the fifth division of the third section, when added together, (estimating every such claim or demand at its true value in money,) over and above the sum of the legal,
 
 bona fide
 
 debts owing by such person.”
 

 By this amendment the word “moneys,” occurring in the act of 1852, was omitted, and the deduction of debts permitted was from legal claims and demands. That section eventually became Section 5327, General Code, and continued substantially in the same language from 1856 until the amendment of March 6, 1923 (110 C. L., 23), which provides that, in making up the sum of debts owing, the taxpayer should not take into account “any tax, fee or assessment due or to become due to the government of the United States or to the state of Ohio, or to any political subdivision thereof,” which amendment is not applicable to the question here under consideration. The amendment having shortly followed was probably the result of the announcement of the case of
 
 McBride, Treas.,
 
 v.
 
 White Motor Co.,
 
 106 Ohio St., 656, 140 N. E., 942, wherein this court, three members for personal reasons not participating, divided two and two, thereby permitting an affirmance of the judgment of the Court of Appeals to the effect that taxes due the United States government, under circumstances similar to the circumstances of this case, were deductible as debts from credits in making up the excess of credits returnable for taxation.
 

 After the decision of the case of
 
 Bank
 
 v.
 
 Hines,
 
 
 *122
 

 supra,
 
 the Legislature defined “credits” as it is now defined in Section 5327. Although this, court in the December term, 1856, in the case of
 
 Latimer
 
 v,
 
 Morgan, Aud.,
 
 6 Ohio St., 279, approved and followed the case of
 
 Bank
 
 v.
 
 Hines, supra,
 
 the Legislature made no change in its definition of credits, and tax returns were made in accordance therewith throughout the state for the obvious reason that since the tax provision of the Constitution was not self-executing tax returns had to be made and taxes assessed according to statute, or not at all.
 

 This court next had under consideration Section 2730 of the Revised Statutes, which section has become 5327, General Code, in the case of
 
 Payne
 
 v.
 
 Watterson,
 
 37 Ohio St., 121. The question arose upon the claim of Payne that he was entitled to deduct the amount of his indebtedness from the value of bonds held and owned by him. It was there held not as in the case of
 
 Bank
 
 v.
 
 Hines, supra,
 
 that deduction of debts could be 'made neither from money nor credits, but that the bonds were property in possession having intrinsic value, and not the mere evidence of claims upon others, and for that reason deduction • of debts could not be made therefrom because under Section 2731 of the Revised Statutes deductions are prohibited from “all moneys, credits, investments in bonds,” the syllabus reading:
 

 “Under title 13 of the Revised Statutes relating to taxation, a person required to list property is not authorized to deduct his debts from his investments in bonds as therein defined, and to return the excess only for taxation.”
 

 
 *123
 
 The court in the opinion saying:
 

 “The General Assembly has not acquiesced in the decision of the majority
 
 [Exchange Bank
 
 v.
 
 Hines],
 
 which held that debts could not be deducted from credits; but in the unanimous holding that debts could not be deducted from moneys, there has been a ready acquiescence.”
 

 This court again had under consideration Section 2730, Revised Statutes, in the case of
 
 Insurance Co.
 
 v.
 
 Cappellar,
 
 38 Ohio St., 560. While the constitutionality of the section does not seem to have been there raised, its validity was there recognized.
 

 This court had under consideration Section 2759, Revised Statutes, in the case of
 
 Treasurer Fayette County
 
 v.
 
 People’s & Drovers’ Bank,
 
 47 Ohio St., 503, 25 N. E., 697, 10 L. R. A., 196. Section 2759 (as amended in 79 Ohio Laws, p. 109) provided:
 

 “All unincorporated banks and bankers shall, annually, between the first and second Mondays of May, make out and return to the auditor of the proper county, under oath of the owner, or principal officer or manager thereof, a statement setting forth:
 

 “First. The average amount of notes and bills receivable, discounted or purchased in the course of business, by such unincorporated bank, banker, or bankers, and considered good and collectible.
 

 “Second. The average amount of accounts receivable.
 

 “Third. The average amount of cash and cash items in possession or in transit,
 

 “Fourth. The average amount of all kinds of
 
 *124
 
 stocks, bonds, including United States government bonds, or evidences of indebtedness, held as an investment, or in any way representing assets.
 

 “Fifth. The amount of real estate at its assessed value.
 

 “Sixth. The average amount of all deposits.
 

 “Seventh. The average amount of accounts payable, exclusive of current deposit accounts.
 

 “Eighth. The average amount of United States government and other securities that are exempt from taxation.
 

 “Ninth. The true value in money of all furniture and other property not otherwise herein enumerated. From the aggregate sum of the first five items above enumerated the said auditor shall deduct the aggregate sum of the fifth, sixth, seventh, and such portions of the eighth items- as are by law exempt from taxation, and the remainder thus obtained added to the amount of item 9 shall be entered upon the duplicate of the county in the name of such bank, banker, or bankers, and taxes thereon shall be assessed and paid the same as provided for other personal property assessed and taxed in the same city, ward, or township.”
 

 The contention was there urged that the part of that -section which requires' that county auditors in levying taxes yearly upon, unincorporated banks and bankers shall deduct the aggregate sum of the fifth, sixth, and seventh items .from the aggregate sum of the first five items of the section is repugnant to Section 3, Article XII, of the Constitution.
 

 The court there held:
 

 “That part of Section 2759, of the Revised
 
 *125
 
 Statutes, regulating returns for taxation of unincorporated banks and bankers, which provides that from the aggregate sum of the first 'five items therein enumerated, the county auditor shall deduct the aggregate sum of the fifth,' sixth, seventh, and such portions of the eighth items as are by law exempt from taxation, is not repugnant to either Section 2, or Section 3, of Article XII, of the Constitution, except to the extent of including the entire third item among those from which the deduction is to be made.” (The third item being “The average amount of cash and cash items in possession or in transit.”)
 

 “2. A deduction under Section 2759, of the average amount of all deposits, and of the average amount of accounts payable, exclusive of current deposit accounts, from the average amount of notes and bills receivable, discounted or purchased in the course of business, by such unincorporated bank or banker, and considered good and collectible, would not be in conflict with either of the above-named sections of the Constitution; but, the same deduction from the average amount of cash and cash items in possession, would contravene Section 2, of Article XII, of the Constitution.”
 

 The constitutionality of a statutory provision permitting the deduction of debts from credits was here involved, and decided, and necessarily required the overruling of the case of
 
 Bank
 
 v.
 
 Hines, supra,
 
 which was done in effect, but not in express terms.
 

 The court next had -the same subject under con
 
 *126
 
 sideration in the case of
 
 Hubbard, Treas.,
 
 v.
 
 Brush,
 
 61 Ohio St., 252, 55 N. E., 829, and held:
 

 “1. Where all the business of a foreign corporation is transacted in this state, and all of its property situated and taxed here, shares of its capital stock held in this state are exempt from taxation by force of Section 2746, Revised Statutes.
 

 “3.
 
 Such corporation, in listing for taxation its ‘credits’ liable to taxation in this state, may, under the provisions of Section .2730, Revised Statutes, deduct from its claims and demands that arise out of the business it transacts in this state, such of its
 
 bona fide,
 
 debts as arise from the same source. ’ ’
 

 Since the decision in the case of
 
 Bank
 
 v.
 
 Hines, supra,
 
 and the enactment immediately thereafter of what is now Section 5327, General Code, there have been held in Ohio two constitutional conventions, in neither of which was there any change made in Section 2, Article XII.
 

 It would seem, to the end that the certainty, stability, and continuity of the law may be maintained, that the individual opinions of the ever-changing personnel of this court may not supplant the composite judgment of the long line of jurists who in turn have constituted the court; that after a period of nearly three-quarters of a century of consistent acquiescence in a legislative interpretation, and over 40 years of judicial interpretation, whatever the opinion the present members of the court entertain as to the correctness of such interpretation, the doctrine of
 
 stare decisis
 
 should apply, to the end that this court may function
 
 *127
 
 for the purpose of maintaining the stability and continuity of the law, and the propounding and settling of debatable questions, and not for the purpose of unsettling that which this same court, constituted of a different personnel, has heretofore settled.
 

 This then brings us to the consideration of whether taxes due or ascertained and to become due to the United States government are debts as contemplated by the legislation permitting a deduction of debts from oredits.
 

 Bouvier’s Law Dictionary defines the word “debt”:
 

 (1) “A sum of money due by certain and express agreement.”
 

 (2) “In Practice. A form of action which lies to recover a sum certain.”
 

 If the Legislature used the word “debt” in the sense of a sum of money due by a certain and expressed agreement, or, more accurately speaking, in the sense of a sum of money due by express or implied agreement, it would not include taxes due the government of the United States, nor taxes due the state of Ohio or any political subdivision thereof.
 

 For remedial purposes in the federal courts, federal taxes are debts.
 
 United States
 
 v.
 
 Lyman,
 
 1 Mason, 481, Fed. Cas. No. 15,647;
 
 Meredith
 
 v.
 
 United States,
 
 13 Pet., 486, 10 L. Ed., 258;
 
 United States
 
 v.
 
 Washington Mills,
 
 2 Cliff., 601, Fed. Cas. No. 16,647;
 
 United States
 
 v.
 
 Chamberlin,
 
 219 U. S., 250, 31 Sup. Ct, 155, 55 L. Ed., 204.
 

 The distinction between the two meanings in which the word “debt” is used, both by Legisla
 
 *128
 
 tures and courts, and its application to taxes as debts, are discussed in the case of
 
 Lane County
 
 v.
 
 Oregon,
 
 7 Wall., 71, 19 L. Ed., 101. The state of Oregon sued the county of Lane to recover a sum of money alleged to be due the state from the county as public revenue. The action was in debt. The county defended on the ground that it had made tender of the amount to the state treasurer in United States notes, which by federal statute had been made legal tender in payment of all debts. The state based its claim upon a statute requiring taxes to be paid to the state in gold and silver coin. The Supreme Court of the United States held in favor of the state, and in so doing, at page 79 (19 L. Ed., 101),it construed the word “debts,” as used in the Constitution and in the statute, in the following language:
 

 “What then is its true sense? The most.obvious, and, as it seems to us, the most rational answer to this question is, that Congress must have had in contemplation debts originating in contract or demands carried into judgment, and only debts of this character. This is the commonest and most natural use of the word. Some strain is felt upon the understanding when an attempt is made to extend it so as to include taxes imposed by legislative authority, and there should be no such strain in the interpretation of a law like this.
 

 “We are the more ready to adopt this view, because the greatest of English elementary writers upon law, when treating of debts in their various descriptions, gives no hint that taxes come within either [2 Bl. Com. 475, 476]; while American state courts, of the highest authority, have re
 
 *129
 
 fused to treat liabilities for taxes as debts, in the ordinary sense of that word, for which actions of debt may be maintained.
 

 “The first of these cases was that of
 
 Pierce
 
 v.
 
 City of Boston
 
 [3 Met., 520], 1842, in which the defendant attempted to set off against a demand of the plaintiff certain taxes due to the city. The statute allowed mutual debts to be set off, but the court disallowed the right to set off taxes. This case went, indeed, upon the construction of the statute of Massachusetts, and did not turn on the precise point before us; but the language of the court shows that taxes were not regarded as debts within the common understanding of the word.
 

 “The second case was that of
 
 Shaw
 
 v.
 
 Pickett
 
 [26 Vt. 486], in which the Supreme Court of Yermont said, ‘The assessment of taxes does not create a debt that can be enforced by suit, or upon which a promise to pay interest can be implied. It is a proceeding
 
 in invitumA
 

 “The next case was that of
 
 City of Camden
 
 v.
 
 Allen
 
 [2 Dutch., 398], 1857. That was an action of debt brought to recover a tax by the municipality to which it was due. The language of the Supreme Court of New Jersey was still more explicit: ‘A tax, in its essential characteristics,’ said the court, ‘Is not a debt nor in the nature of a debt. A tax is an impost levied by authority of government upon its citizens, or subjects, ■ for the support of the state. It is not founded on contract or agreement. It operates
 
 in invitum.
 
 A debt is a sum of money due by certain and express
 
 *130
 
 ag’reement. It originates in and is founded upon contracts express or implied.’
 

 “These decisions were all made before the acts of 1862 were passed, and they may have had some influence upon the choice of the words used. Be this as it may, we all think that the interpretation which they sanction is well warranted. We cannot attribute to the Legislature an intent to include taxes under the term debts without something more than appears in the acts to show that intention. ’ ’
 

 This language was approved in
 
 Meriwether
 
 v.
 
 Garrett,
 
 102 U. S., 472, 26 L. Ed., 197, and in
 
 New Jersey
 
 v.
 
 Anderson,
 
 203 U. S., 483, 492, 27 Sup. Ct., 137, 51 L. Ed., 284.
 

 The Supreme Court of Indiana, in the case of
 
 State
 
 v.
 
 Mutual Life Ins. Co. of N. Y.,
 
 175 Ind., 59, 93 N. E., 213, 42 L. R. A. (N. S.), 256, had under consideration the question of whether delinquent taxes bore interest under a general statute providing for interest on past-due debts, and held: “Taxes levied or imposed by the State are not debts in the ordinary acceptation of that term, so as to make them bear interest under the general interest laws of the state.”
 

 That a tax is not a debt for the purpose of set-off has been held in
 
 Finnegan
 
 v.
 
 City of Fernandina,
 
 15 Fla., 379, 21 Am. Rep., 292;
 
 City of New Orleans
 
 v.
 
 Davidson,
 
 30 La. Ann., 541, 31. Am. Rep., 228;
 
 Hibbard
 
 v.
 
 Clark,
 
 56 N. H., 155, 22 Am. Rep., 442;
 
 Gatling
 
 v.
 
 Commissioners of Carteret Co.,
 
 92 N. C., 536, 53 Am. Rep., 432;
 
 Trenholm
 
 v.
 
 City of Charleston,
 
 3 S. C., 347, 16 Am. Rep., 732.
 

 
 *131
 
 1 Cooley on Taxation (4th Ed.), par. 22, says:
 

 “A tax is not regarded as a debt in the ordinary sense of that term, for the reason that a tax does not depend upon the consent of the taxpayer and there is no express or implied contract to pay taxes. Taxes are not contracts between party and party, either express or implied; bnt they are the positive acts of the government, through its various agents, binding upon the inhabitants, and to the making and enforcing of which their personal consent individually is not required. They cannot be assigned as debts, or be proved in bankruptcy as such; nor, if uncollected, are they assets which can be seized by attachment or other judicial process, and subjected to the payment of municipal indebtedness. They are not the subject of set-off, either on behalf of the state or the municipality for which they are imposed, or of the collector, or on behalf of the person taxed, as against such state, municipality or collector. They do not draw interest, as do sums of money owing upon contract; but only when it is expressly given. * * * law abolishing imprisonment for debt has no application to taxes; and the remedies for their collection may include an arrest if the Legislature shall so provide” — citing in support thereof cases of the Supreme Court of the United States and the Supreme Courts of 18 different states.
 

 26 Euling Case Law, p. 25, Section 11, states:
 

 “It is generally considered that a tax is not a debt, and that the municipality to which the tax is payable is not a creditor of the person assessed. A debt is a sum of money due by certain and express agreement. It originates in, and is founded
 
 *132
 
 upon, contract express or implied. Taxes, on the other hand, do not rest upon contract, express or implied. They are obligations imposed upon citizens to pay the expenses of government. They are forced contributions, and in no way dependent upon the will or contract, express or implied, of the persons taxed.”
 

 In 37 Cyc., 710, it is stated:
 

 “As the obligation to pay taxes does not rest upon any contract express or implied, or upon the consent of the taxpayer, a tax is not a debt in the ordinary sense of that word.”
 

 In the case of
 
 Peter
 
 v.
 
 Parkinson, Treas.,
 
 83 Ohio St., 36, 93 N. E., 197, Ann. Cas., 1912A, 751, which case involved the right of the county commissioners to make settlement of a civil action commenced by the county treasurer against a resident of the county to enforce the collection of unpaid personal taxes under Section 855, Revised Statutes, which provided that “the board shall have power to compound for or release, in whole or in part, any debt * * * due to the county,” this court held:
 

 “Where suit is brought by the county treasurer under favor of Section 2859, Revised Statutes— Section 5'697, G-eneral Code — to enforce the collection of personal taxes which stand charged upon the duplicate in the name of the person against whom such suit is instituted, the board of county commissioners, is without . authority to compromise or settle such suit, or to remit or release, in whole or in part, the taxes sued for.”
 

 In the opinion, Crew, J., states, at page 47 (93 N. E., 198):
 

 
 *133
 
 “In the further consideration of this statute it remains then only to inquire whether or not within its meaning and intent a tax may be considered as a
 
 debt,
 
 and this also we think must be answered in the negative. In
 
 City of Camden
 
 v.
 
 Allen,
 
 2 Dutcher’s Reports (New Jersey) 398, Chief Justice Green says: ‘A tax, in its essential characteristics, is not a debt, nor in the nature of a debt. A tax is an impost levied by authority of government, upon its citizens or subjects, for the support of the state. It is not founded on contract or agreement. It operates
 
 in invitum. Peirce
 
 v.
 
 City of Boston,
 
 3 Metc., 520. A debt is a sum of money due by certain and express agreement. It originates in, and is founded upon contract express or implied.’ ”
 

 In the case of
 
 Bailes, Guardian,
 
 v.
 
 City Council of Des Moines,
 
 127 Iowa, 124, 102 N. W., 813, the Supreme Court of Iowa held:
 

 “The term ‘debt’ as used in Code, Section 1311, does not include delinquent taxes in the sense that the statute authorizes a taxpayer to set off against the assessment of his moneys and credits, the unpaid taxes of a previous year, as a debt in good faith owing by him.”
 

 Section 1311, therein referred to, provides that in making up the amount of moneys and credits which any person is required to list, he will be entitled to deduct from the actual value thereof the gross amount of all debts in good faith owing by him.
 

 The Iowa court after reviewing numerous authorities of the courts of last resort of other states says at page 127 (102 N. W., 814):
 

 
 *134
 
 “These cases, some of which are closely in point, indicate that the general trend of authority everywhere is to the effect that taxes are not debts in the ordinary or technical sense of that term, but. enforced contributions, made to the state, which are neither the subject of set-off nor may they be used for that purpose. That the Legislature did not, by the language used, contemplate obligations due to the state, or to any of its smaller subdivisions, is, we think, apparent.”
 

 In the case of
 
 West Virginia Pulp & Paper Co.
 
 v.
 
 Karnes, Com’r of Revenue,
 
 120 S. E., 321, the Supreme Court of Appeals of Virginia had under consideration a statute of that state (Acts 1918, p. 173, Section 8) which, after declaring that the taxpayer shall furnish the commissioners of the revenue with a list of bonds, notes, and other evidences of debt owned by the taxpayer, provided :
 

 “Deducting from the aggregate amount thereof all such bonds, demands or claims not otherwise deducted owing to others (by the taxpayer) as
 
 * * *
 
 principal debtor.
 
 * * *
 

 “Capital as used in the tax laws shall be defined as follows:
 
 * * *
 

 '“2. The excess of bills and accounts receivable over bills and accounts payable.
 
 * * *
 

 “5. All other property of any kind whatsoever, including all ehoses in action, equities, demands and claims.”
 

 The facts in that case were:
 

 “That for the tax years beginning February 1, 1921 and 1922 (the taxpayer) duly furnished to the commissioner for assessment, as required by
 
 *135
 
 law, proper lists of taxable property with all the information required by law, including a schedule showing the names, addresses, amounts, etc., of persons to whom bills and accounts payable were due. In its report of tangible and intangible personal property for the year 1921, it is reported, among other things, as capital invested in the state of Virginia, an item of $633,161.70, being the amount of bills and accounts receivable on its books at the beginning of the tax year for business done in the state of Virginia, and also reported an item of $445,095, being the amount of bill and accounts payable on its books as of the same date on account of business done in the state of Virginia, leaving an excess of bills and accounts receivable over bills and accounts payable of $188,066.70; that said amounts of bills and accounts receivable were correct; that embraced in the aggregate amount of bills and accounts payable was an item of $364,327, being the balance due to the federal government for income and excess profits taxes on account of profits realized from business done in the state of Virginia during the fiscal year ending October 31, 1920; that under the federal Income Tax Law said tax became payable on or before January 15, 1921, with the option to the corporation of paying all or part of the tax on or before January 15, 1921; that the corporation exercised its option to pay only a part of the tax on or before the said date; that a portion of the tax was therefore paid prior to February 1, 1921, and the remaining $384,327 was paid subsequent thereto, and within the time prescribed by the federal law.” (And a similar
 
 *136
 
 state of facts differing in amount as to the report of tangible and intangible personal property for the year 1922.)
 

 The lower courts, as in the instant case, allowed the deduction as accounts payable.
 

 The Supreme Court held:
 

 “Taxes owing to the federal government are not 'bills or accounts payable’ within Tax Bill Act March 6, 1918, * * * Schedule C, Section 8, Subsec. 2, providing for taxation as capital of the excess of bills and accounts receivable over bills and accounts payable, since taxes are not contract obligations, while ‘accounts receivable’ are contract obligations owing to a person on open account; ‘bills receivable’ are all other contract obligations owing to a person; ‘accounts payable’ are contract obligations owing by a person on open account; and ‘bills payable’ are all other contract obligations owing by a person. * * *
 

 “Claims arising from condemnation of a corporation’s property or out of tort are taxable as ‘all other * # *' demands and claims,’ without any deduction by reason of debts owing by the corporation, under Tax Bill Act March 6, 1918.”
 

 While the statute there under consideration was not in the words of our statute, and did not contain the word “debts,” the purpose sought to be accomplished by the statute there involved was identical with the purpose of the statute here involved, and the question was similar, the court stating the question in the following language:
 

 “There is but a single question presented for our decision by the assignments of error, which is within a very narrow compass, and is as follows:
 

 
 *137
 
 “(1)
 
 Are taxes
 
 owing by the taxpayer to the federal government ‘bills’ or ‘accounts payable,’ within ‘the meaning of Subsection 2 of paragraph ‘second’ of Section 8 (Schedule 0) of the tax bill statute, approved March 6, 1918.”
 

 And while that decision of itself would not be sufficient authority upon which to base a decision construing a statute couched in different terms, it emphasizes the distinction between taxes owing, and which must be paid, and obligations based upon a contract, express or implied.
 

 If the word “debts,” as used in Section 5327, Gfeneral Code, includes tax liabilities, it necessarily includes taxes payable to the state of Ohio or its political subdivisions, as well as taxes payable to the United States government. If so, the half tax unpaid on taxlisting day, and all delinquent taxes, may be deducted from the claims and demands due the taxpayer for the purpose of determining the amount of his tax return, with the result not only that one tax may be offset against another, but that the more delinquent tax the taxpayer allows to accumulate the less property he will have to return for taxation.
 

 The cases of
 
 Welsh
 
 v.
 
 Perkins,
 
 8 Ohio, 52, and
 
 Creps
 
 v.
 
 Baird,
 
 3 Ohio St., 278, while authority for the proposition that taxes are for certain purposes debts, are not helpful in the determination of the sense in which the Legislature used the word “debts” in the section here under consideration; and the same observation may be made with reference to the federal cases which permit an action in “debt” to recover taxes and the recovery of interest upon delinquent taxes.
 

 
 *138
 
 In view of the fact that the authorities agree that taxes are not “debts,” within the ordinary sense and use of the word “debts,” and that where the authorities have held the word “debts” to include taxes it has been in the construction of a statute which clearly indicated that the Legislature used it in such sense, and it not clearly appearing that the Legislature used the word “debts” in the section here under consideration as including taxes, the majority of this court are unwilling to extend the meaning of the word as used in the section beyond its ordinary and usual use and interpretation, and are of the opinion that the Legislature did not use the word “debts” in the sense including taxes imposed by the government of the United States, the state of Ohio, or any political subdivision thereof.
 

 Judgment reversed.
 

 Jones, Matthias, Day, and Allen, JJ., concur.