576 People ex rel. Farmers' Loan & Trust Co. *v.* Goldfogle.

First Department, March, 1927. [Vol. 219

---

The People of the State of New York ex rel. Farmers' Loan and Trust Company, as Executor, etc., of Julia Seligman, Deceased, Respondent, *v.* Henry M. Goldfogle and Others, as Commissioners of Taxes and Assessments of the City of New York, Appellants.

The People of the State of New York ex rel. Farmers' Loan and Trust Company, as Executor, etc., of Emily W. Dix, Deceased, Respondent, *v.* Henry M. Goldfogle and Others, as Commissioners of Taxes and Assessments of the City of New York, Appellants.

The People of the State of New York ex rel. Farmers' Loan and Trust Company, as Executor, etc., of Helen C. Bostwick, Deceased, Respondent, *v.* Henry M. Goldfogle and Others, as Commissioners of Taxes and Assessments of the City of New York, Appellants.

First Department, March 4, 1927.

**Taxation — assessment against personal property in possession of executor — Federal inheritance tax is not deductible as debt, under Tax Law, § 6 — attorney's fee treated as debt and is deductible — where non-resident coexecutor exercises control, assessment can be levied on only one-half of personal property.**

For the purpose of determining the amount of personal property in the possession of an executor which is subject to taxation, there cannot be deducted as a debt, under section 6 of the Tax Law, the amount of the Federal inheritance tax. While a tax is sometimes denominated a debt, it is not a debt within the meaning of that section.

An attorney's fee is a debt within the meaning of said section and is properly deductible in determining the amount of the personal property assessable.

Since in the first above-entitled case the non-resident coexecutor clearly exercised control, the assessment can be levied on only one-half of the personal property of that estate.

Merrell, J., dissents.

Appeal in each of the above-entitled proceedings by the defendants, Henry M. Goldfogle and others, as commissioners of taxes and assessments of the city of New York, from an order of the Supreme Court, made at the New York Special Term and entered in the

office of the clerk of the county of New York on the 22d day of July, 1925, in certiorari proceedings annulling their assessments for purposes of taxation for 1922 upon personal property of the relator in each proceeding.

*William H. King* of counsel [*Norman E. Gatens* with him on the brief; *George P. Nicholson, Corporation Counsel,* attorney], for the appellants.

*Mansfield Ferry* of counsel [*Taylor, Blanc, Capron & Marsh,* attorneys], for the respondent.

PROSKAUER, J.   The main question presented is the correctness of the ruling of the Special Term that the Federal inheritance tax should be deducted under the provisions of section 6 of the Tax Law (as amd. by Laws of 1914, chap. 277) in determining the amount of property upon which the executors can be assessed for personal property tax.   The respondent claims that because the Federal Inheritance Tax Law makes the executors personally liable for this tax, the tax is a debt within the meaning of section 6 of the Tax Law.

General taxes are not debts " within the meaning of such word as commonly used.   *   *   *   They ·are forced contributions." (*City of Rochester* v. *Bloss,* 185 N. Y. 42.)

It has been held by the Special Term in *People ex rel. New Mutual Gas Light Co.* v. *Cantor* (N. Y. L. J. Jan. 13, 1922, p. 1308) that accrued taxes are not a debt that may be deducted under section 6 of the Tax Law.   It is there pointed out that the origin of the provision permitting this deduction was to prevent the double taxation that would result if under the former state of the law the debt itself were taxed as property in the hands of the creditor and the debtor was at the same time not allowed to deduct it from the amount of his personal property.

In *Baker* v. *City of East Orange* (96 N. J. Law, 267) it was expressly held that a tax could not be deducted under the provisions of a similar statute, and while the holding was based also on the ground that the deduction provision of the New Jersey statute is confined to debts due to residents of the State, it rests equally upon the fundamental ground that a tax is not a debt.

The cases and statutes relied on by the respondent fall generally into two classes.   For the most part they are opinions or statutes in which a tax is classified as a debt solely for the purpose of the protection of the State or the Federal government.   Examples of this are the Surrogate's Court Act, section 212, where a tax is described as a preferred debt, and *Price* v. *United States* (—— U. S. ——), where it was held that the word " debts " as used in

578   N. Y., N. H. & H. R. R. Co. *v.* Baldwin Universal C. Co.

First Department, March, 1927.                    [Vol. 219

Revised Statutes, section 3466, includes taxes. That section provides that whenever any person indebted to the United States is insolvent, in insolvency proceedings the debts due to the United States shall be first satisfied. The court points out that the historical origin of this section was from statutes enacted for the collection of taxes, and holds that the word " debts " there was inclusive of any obligation due to the government, inasmuch as the purpose of the statute was to give the government a preference. (*Matter of Carnegie Trust Co.*, 151 App. Div 606, 610.) Other cases cited relate to controversies between life tenant and remainderman with respect to the question whether taxes should be set off against the corpus or the income of an estate. In many of these opinions the tax is inexactly referred to as a " debt," where the connotation clearly indicates that the word was used as the equivalent of a liability.

The Federal inheritance tax is not deductible as a debt under section 6 of the Tax Law. We think, however, that attorney's fees should be treated as debts.

In the Seligman case, since the non-resident coexecutor clearly exercised control, the assessment can be levied on only one-half of the personal property of the estate.

The orders appealed from should be reversed, with ten dollars costs and disbursements, and the assessments reinstated to the extent indicated in this opinion.

Dowling, P. J., Finch and McAvoy, JJ., concur; Merrell, J., dissents and votes for affirmance.

In each case: Order reversed, with ten dollars costs and disbursements, and the assessments reinstated to the extent indicated in opinion. Settle order on notice.