EQUITABLE LIFE INSURANCE COMPANY OF IOWA, Appellee, v. CITY OF DES MOINES et al., Appellants.

MARCH 5, 1929.

880

*Charles Hutchinson*, *F. T. Van Liew*, and *Theodore F. Mantz*, for appellants.

*Parrish, Cohen, Guthrie, Watters & Halloran*, for appellee.

WAGNER, J.—There is presented for our determination the sole question as to whether or not the trial court was correct in deducting the disputed item of $466,553.31, in fixing the value for assessment purposes of the shares of stock of the plaintiff corporation on January 1, 1927. It is the claim of the appellee that said amount is a liability of the plaintiff corporation's, by reason of the fact that said amount is required for the payment of the Federal, state, and other taxes of the corporation then due and to be paid during the year 1927, and that, as such liability, said amount should be deducted in fixing the value of the shares of stock on the 1st day of January, 1927. The aforesaid amount was actually paid during the year 1927 for the aforesaid purposes.

The appellee is a corporation organized under the laws of this state, and engaged in the business of life insurance, with its principal office in the city of Des Moines. By the terms and provisions of Section 7026 of the Code of 1924, its shares of stock are to be assessed for taxation "in the manner provided for the assessment of the shares of corporate stock in Sections 7008 to 7014, inclusive, and said shares of stock shall not be otherwise assessed." Section 7008 of the Code provides:

"The shares of stock of any corporation organized under the laws of this state * * * shall be assessed to the owners thereof as moneys and credits at the place where its principal business is transacted. The assessment shall be on the value of such shares on the first day of January in each year. In arriving at the assessable value of the shares of stock of such corporations, the amount of their capital actually invested in property other than moneys and credits shall be deducted from the actual value of such shares. Such property other than moneys and credits shall be assessed as other like property."

Section 7012 of the Code provides that the amount to be deducted as the value of real estate shall be the actual value at which said real estate is valued by the assessor. The appellee furnished the assessor the verified statement required by Section

7009 of the Code, and in compliance with the provisions of Section 8653 of the Code, filed its verified annual statement in the office of the commissioner of insurance, and in compliance with Section 7026 of the Code, furnished the assessor a copy of said annual report. In the annual report and the copy thereof, the corporation listed as a liability the aforesaid amount, for the designated purposes. The assessor, in making the computation of the value of the shares of the stock, took from the verified statement the amount shown thereby as representing the total amount paid for the capital stock and the amount of the surplus of said corporation,—another item which is not in controversy,—and also took from the annual statement of the corporation the aforesaid amount of $466,553.31, which was listed therein as a liability for the aforesaid purposes, and added them together, and deducted therefrom the value at which the real estate was assessed, leaving a balance of $1,409,100. The trial court deducted the aforesaid amount of $466,553.31, leaving the assessed value of the shares of stock at $942,546.69.

It is urged by the appellants in argument that the assessing officers and tribunals are not required to take the book value of the shares of stock, and in support of their contention, they  rely upon Section 7010 of the Code. While this is true, yet the appellants are foreclosed in urging the same at this time, as it was stipulated, at the time of the trial in the lower court, that the only question to be presented to the court for consideration is as to whether the aforesaid item, listed as a liability for the payment of the Federal, state, and other taxes, is a deductible item in arriving at the value of the shares of stock for the purpose of taxation. This was the only question presented to and determined by the trial court.

Was the action of the trial court in making the deduction correct? The appellants rely on *Bailies v. City of Des Moines*, 127 Iowa 124, where we held that a tax is not a debt, to be deducted from the amount of moneys or credits to be assessed to a person under Section 1311 of the Code of 1897 (now Section 6988 of the Code). This case is not in point in the determination of the instant case. In the instant case, the amount sought to be deducted is not the tax of the individual shareholder, but the taxes due from the corporation. Under the provisions of

Sections 7026, 7013, and 7007-a1 to 7007-a4, Code of 1927, the corporation is liable for the payment of the taxes assessed to the stockholders, but the corporation may recover the same from the stockholders. It is not a tax on the moneys and credits of the corporation. It is a tax upon the shares of the stockholders, and is to be computed upon the value of the shares of stock. The mere fact that the tax is paid by the corporation does not alter the fact that it is the tax of the stockholders, and recoverable by the corporation against them. The question confronting the assessment officer is: What were the shares of stock worth on the 1st day of January, 1927? See Section 7008 of the Code. Was the amount due and owing from the corporation for state, Federal, and other taxes such a liability as would affect the value of the shares of stock? We answer in the affirmative. It is obvious that the net worth of the corporation determines the value of the shares of stock. The shares of stock represent the stockholders' interest in the property of the corporation. The interest of the stockholders must be measured by the value of the corporation's assets over and above its liabilities. In determining the net worth of the corporation, the taxes due must be considered a liability of the corporation.

We therefore hold that the judgment and decree of the trial court is correct, and the same is hereby affirmed.—*Affirmed.*

ALBERT, C. J., and EVANS, FAVILLE, and KINDIG, JJ., concur.