Habt, J.
The question to be determined is: Does a testamentary direction to the executor to expend a portion of the estate for the saying of Masses, without specification as to where or by whom the Masses are to be said, create a taxable succession?
The pertinent portions of Section 5332, General Code, read as follows:
“A tax is hereby levied upon the succession to any *489 property passing, in trust or otherwise, to or for the use of a person, institution or corporation, in the following cases:
“1. When the succession is by will or by the intestate laws of this state from a person who was a resident of this state at the time of his death. ’ ’
The Probate Court, although designating the bequest as a “succession” in exempting it from the tax, took the position that a succession tax is not a tax on property ; that it is a tax on the succession of property upon the owner’s death, by way of devise, legacy, descent or distribution; and that it is a tax in personam, not in rem, as a consequence of which there must be an identifiable person against whom the tax may be assessed.
The succession in question was not treated as a debt of the estate, and could not be so considered. There was no contract with any priest to say the Masses which would create a debt of the estate. On the other hand, under the taxing statute above quoted, every succession to property is subject to taxation unless specifically exempted. In re Estate of Reilly, 138 Ohio St., 145, 33 N. E. (2d), 987; Tax Commission v. National Malleable Castings Co., 111 Ohio St., 117, 144 N. E., 604, 35 A. L. R., 1448.
In answer to the claim that the bequest is too indefinite to constitute a taxable succession, it must be observed that no suggestion of claim is made that the succession was void for indefiniteness as to the person or persons to whom legal custody of the money was committed and transmitted. The designation in the will of the person by whom the money was to be received and held — the executrix of the estate — was sufficiently definite for administrative purposes. The. executrix under the terms of the will is a trustee of the fund until it is expended as directed. The claim that the trustee was sufficiently designated to take bequests but that the beneficiaries were too indefinitely *490 designated for the purposes of assessing succession taxes is untenable.
In the Reilly case above cited, a testatrix bequeathed a certain sum of money to a trustee to pay out of the principal and income to each of the unnamed pastors of certain named churches the sum of not less than $5 per week for the purpose of singing Masses for the repose of the souls of her father, mother and hersélf, and to the unnamed pastors of certain other named churches to say Masses for other members of her family.
This court in that case held that there was a passing of property to the trustee in possession as trustee, and ter the pastors of the specified churches in enjoyment as cestuis que trustent, which was a succession within the terms of the statute of this state, and that the will of the testatrix sufficiently designated the trustee and the beneficiaries to enable the trustee to execute the trust. So, in the instant case, the will sufficiently identified the executrix as the trustee of the funds and gave her the lawful discretion to select the priests to say the Masses and to determine the amounts which shall be paid them until the fund is exhausted. In the opinion of this court, in line with its holding in the Reilly case, the succession in the instant case was likewise subject to taxation.
The judgment of the Court of Appeals is reversed and the cause is remanded to the Probate Court for a redetermination of the succession taxes in accordance with this opinion.

Judgment reversed and cause remanded.

Weygandt, C. J., Middleton, Matthias, Zimmerman and Stewart, JJ., concur.
Taet, J., concurs in the syllabus and in the judgment.