CLYDE EIDE et al., executors of estate of Wilson B. Swaney, deceased, appellants, v. M. L. HOTTMAN, County Treasurer of Webster County, appellee.

No. 51537.

(Reported in 132 N.W.2d 755)

JANUARY 12, 1965.

Mitchell, Mitchell & Murray, of Fort Dodge, for appellants.

Francis E. Tierney, County Attorney, and Mark McCormick, Assistant County Attorney, both of Fort Dodge, for appellee.

MOORE, J.—On submission of this declaratory-judgment action to the trial court upon an agreed statement of facts he held federal estate taxes are not deductible from moneys and credits as a debt within the meaning of section 429.4, Code, 1962. Plaintiffs appeal.

Wilson B. Swaney died October 31, 1961. As executors of his estate plaintiffs held substantial moneys and credits, which were taxed as such for 1962 and 1963. However the federal estate tax exceeded the amount of moneys and credits held and if deducted there would be no tax. Plaintiffs contend they are entitled to deduct the estate tax. Defendant contends the tax is not a debt within the meaning of section 429.4 and therefore plaintiffs are not entitled to the claimed deduction. Chapter 429 provides for the taxation of moneys and credits.

The sole question presented is whether the federal estate tax is a debt under section 429.4 which, as material here, pro-

vides: "Deductions from moneys and credits. In making up the amount of moneys and credits, * * * he will be entitled to deduct from the actual value thereof the gross amount of all debts in good faith owing by him, * * *."

The question is not entirely new in Iowa. Plaintiffs concede we must overrule Bailies v. City Council of Des Moines, 127 Iowa 124, 102 N.W. 813, if they are to prevail.

In Plymouth County v. Moore, 114 Iowa 700, 701, 87 N.W. 662, 663, where plaintiff's attempt to maintain a personal action to recover a tax levied upon a stock of merchandise was denied, it is said: "The weight of judicial opinion seems to be that a tax is not a debt, within the commonly accepted definition of that word."

Other Iowa cases holding a tax is not a debt are Grunewald v. City of Cedar Rapids, 118 Iowa 222, 91 N.W. 1059; Bailies v. City Council of Des Moines, supra; Lucas v. Purdy, 142 Iowa 359, 120 N.W. 1063, 24 L. R. A., N. S., 1294, 19 Ann. Cas. 974; In re Estate of Dalton, 183 Iowa 1013, 168 N.W. 332; In re Estate of McMahon, 237 Iowa 236, 21 N.W.2d 581, 163 A. L. R. 720.

Bailies v. City Council of Des Moines, supra, 127 Iowa 124, 102 N.W. 813, is on all fours with the case at bar with the exception of the type of tax involved. It holds a tax on realty is not deductible when computing tax on moneys and credits. The statutory provisions are identical. It cites our earlier holdings and those of many other jurisdictions. At pages 126–128, 127 Iowa, pages 813, 814, 102 N.W., it states:

"The general tenor of the authorities is to the effect that a tax in its essential characteristics is not a debt, but an impost levied by authority of government upon its citizens or subjects for the support of the State. It is not founded on contract or agreement, but operates in invitum. Whereas a debt is a sum of money due by certain and express agreement, and originates in or is founded upon contracts express or implied. * * * We grant that for some purposes a tax may be said to be a debt. But when used in a statute with reference to deductions from assessable property or to set-offs we know of no reason for giving the word a broader significance than it ordinarily has,

to-wit, an obligation founded on contract, express or implied. This, added to the objects and purposes of the law, leaves it clear to our minds that unpaid taxes are not to be deducted from moneys and credits, as debts 'in good faith owing' by the person who is required to list his property."

Volume 51 Am. Jur., Taxation, section 717, page 663, states: "It is held that taxes due to the Federal government are not a 'debt' within the meaning of such an act [tax on moneys and credits]." See also 47 C. J. S., Internal Revenue, section 478; 35 A. L. R. 1457; and the long collection of cases in Volume 11, Words and Phrases, Perm. Ed., beginning at page 278.

In Baker v. East Orange, 95 N. J. Law 365, 366, 367, 111 A. 681, 682, affirmed 96 N. J. Law 267, 114 A. 926, it is said:

"Can the federal estate tax, amounting to $46,749.43, the federal income tax for the year 1918, amounting to $3,203.04, and the state transfer inheritance tax of New Jersey, amounting to $23,771.10, in all, $73,723.57, be deducted from an assessment for taxation of personal property * * *? After making the valuation of the personal property, for which any person shall be assessed, the assessor may deduct from such valuation all debts * * *. The first question * * * is: Is a tax a debt within the meaning of the statute? A tax, in its essential characteristics, is not a debt, nor in the nature of a debt. * * * It is quite clear, therefore, that these amounts or taxes, by whatever name designated, cannot be deducted from the true value of the personal property * * *."

To the same effect see People ex rel. Farmers' Loan & Trust Co. v. Goldfogle, 219 App. Div. 576, 220 N. Y. S. 337.

Other cases applying these principles to federal taxes are West Virginia Pulp & Paper Co. v. Karnes, 137 Va. 714, 120 S.E. 321; Hickok Oil Corp. v. Evatt, 141 Ohio St. 644, 49 N.E.2d 937; Stewart's Estate v. Jersey City, 21 N. J. Misc. 149, 32 A.2d 190; Tax Commission of Ohio v. National Malleable Castings Co., 111 Ohio St. 117, 144 N.E. 604, 35 A. L. R. 1448; Douglas Aircraft Co. v. County of Los Angeles, 137 Cal. App.2d 803, 291 P.2d 85.

Plaintiffs rely strongly on Estate of Brown v. Hoge, 198 Iowa 373, 199 N.W. 320, and Schooley v. Schooley, 184 Iowa 835,

169 N.W. 56, 11 A. L. R. 110. The Brown case refers to estate tax as a "charge or expense" but we were there interpreting a will and not a tax statute. The Schooley case involves interpretation of an exemption statute and by a sharply divided opinion holds a judgment for alimony is a debt within the meaning of the exemption statute. Neither of these cases attempts to depart from our well established rule that a tax is not a debt within the ordinary meaning of the word.

Plaintiffs argue section 450.12, Code, 1962, supports their contention. As material here, it provides:

"Deduction of debts. There shall be deducted from the gross value of the estate as fixed by the inheritance tax appraisers appointed under the provisions of this chapter, or as fixed by the court, the debts defined as follows:

"1. From the estate of such decedent who at the time of his death was domiciled within this state, there shall be deducted the debts owing by the decedent at the time of his death, the local and state taxes due from the estate in January of the year of his death, and federal taxes owing by the decedent or paid from the estate on Iowa property, a reasonable sum for funeral expenses, temporary allowance for the widow and children under fifteen years of age as granted by the probate court or judge thereof, court costs, the costs of appraisement made for the purpose of assessing the inheritance tax, the fee of executors, administrators, or trustees as allowed by order of court, the amount paid by the executor or administrator for a bond, the attorney fee in a reasonable amount to be approved by the court for the probate proceedings in said estate, * * *."

This statute specifically enumerates the expenses and charges deductible when computing Iowa inheritance tax and first lists debts owing, then other items including federal taxes. It simply demonstrates that if the legislature intends federal taxes to be deductible the statute so states.

It must be admitted the legislature could have made other items than debts deductible under section 429.4 but it is sufficient to say that it has not done so. We must take the statute as it is written.

We are not persuaded our earlier holdings, particularly Bailies v. City Council of Des Moines, supra, should be overruled.

The declaratory judgment of the trial court is correct.— Affirmed.

All JUSTICES concur.