By the Court
 

 (Kinkade, J.).
 

 These three cases present like issues and will be covered in a single opinion.. The parties will be referred to as they stood in the trial court.
 

 The plaintiffs respectively own and operate gasoline filling stations in the city of Cincinnati. The city, by an ordinance duly adopted, undertook to levy and collect an excise or occupational tax of $100 per annum against each of the plaintiffs. The payment of the tax was refused, and the plaintiffs brought these actions in the court of common pleas, seeking an injunction from that court restraining the city from collecting the tax so imposed. The trial court found the issues in favor of the city, and refused the relief prayed for by the plaintiffs. The plaintiffs prosecuted error to the Court of Appeals, and that court reversed the judgment of the trial court and granted a permanent injunction against the city, restraining the collection of the tax. The appellate court found its decision was at variance with a decision rendered in another appellate district, and certified these cases, to this court for review.
 

 This court has clearly and definitely settled the law in this state as to what constitutes an excise or occupational tax, and under what conditions such a tax may be or may not be imposed.
 
 State, ex rel. Zielonka, City Solicitor,
 
 v.
 
 Carrel, Aud.,
 
 99 Ohio St., 220, 124 N. E., 134;
 
 Saviers
 
 v.
 
 Smith, Secy, of State,
 
 101 Ohio St., 132, 128 N. E., 269;
 
 Marion Foundry Co.
 
 v.
 
 Landes, Aud.,
 
 112 Ohio St., 166, 147 N. E., 302;
 
 *450
 

 City of Cincinnati
 
 v.
 
 American Telephone & Telegraph Co.,
 
 112 Ohio St., 493, 147 N. E., 806;
 
 Firestone
 
 v.
 
 City of Cambridge,
 
 113 Ohio St., 57, 148 N. E., 470. No useful purpose will he served by repeating here what was said in the decisions
 
 supra.
 

 In view of the principles announced in the cases cited, we have no hesitancy in reaching the conclusion that the tax attempted to be imposed by the city was an excise or occupational tax, and that it was invalid and unenforceable, for the reason that the state had theretofore imposed upon the same parties, and others doing a like business in the city of Cincinnati, an excise or occupational tax which completely occupied and covered the field of taxation in which the city was attempting to impose an additional excise or occupational tax upon the same citizens. We are unable to appreciate any substantial merit in the claim made by the city that the tax imposed by the state upon gasoline sold to be used in propelling motor vehicles upon the highways of the state is not in fact an excise or occupational tax against the owners of filling stations selling the gasoline, but is in fact a tax that affects only the purchasers or consumers of such gasoline, for the reason that the purchasers and consumers pay the amount of the tax in the purchase price paid for gasoline, and that the owner of the filling station is simply the agent through whom the tax is ultimately paid to the state. The state gasoline tax is imposed by the state upon the business of the owner of the filling station, and not upon the consumer of the gasoline.
 

 
 *451
 
 The judgment affirmed. of the Court of Appeals must be
 

 Judgment affirmed.
 

 Matthias, Day, Allen and Robinson, JJ., concur. Jones, J., not participating.