Turner, J.
 

 Appellant, a dealer in motor vehicle fuel and liquid fuel, contends that the Ohio motor vehicle fuel excise tax, the Ohio liquid fuel excise tax, the Michigan gasoline tax and the Ontario gasoline tax which remain in its hands at the end of its fiscal year should not be treated as taxes or assessments under Section 5327, General Code, but should be held to be current accounts payable and, therefore, deductible by appellant from its accounts receivable and prepaid items in making its return for taxation.
 

 
 *648
 
 Section 5327, General Code, provides:
 

 “Tlie term ‘credits’ as so used, means tlie excess of the snm of all current accounts receivable and prepaid items used in business when added together estimating every such account and item at its true value in money, over and above the sum of current accounts payable of the business, other than taxes and assessments. ‘Current accounts’ includes items receivable or payable on demand or within one year from the date of inception, however evidenced. ‘Prepaid items’ does not include tangible property. In making up the sum of such current accounts payable there shall not be taken into account an acknowledgment of indebtedness, unless founded on some consideration actually received, and believed at the time of making such acknowledgment to be a full consideration therefor; nor an acknowledgment for the purpose of diminishing the amount of credits to be listed for taxation.”
 

 We are asked in this case to decide when a tax is not a tax or at least when a tax may become an account payable notwithstanding that the Ohio statute under consideration specifically eliminates taxes and assessments from accounts payable and, furthermore, provides that accounts payable must be founded upon some consideration actually received. The only possible consideration actually received by appellant is the privilege of acting as a dealer in motor vehicle fuel under Sections 5526, 5527 and 5541, General Oocle, or of acting as a dealer of liquid fuel under Sections 5542-1 and 5542-2, General Code.
 

 Appellant takes the position that it handles these taxes “only as a collection agency” as “collected by appellant and remitted to the state of Ohio”; “that an account payable may arise from * * * ‘fiduciary relation’ ”; that as to the state of Michigan appellant “stands in a fiduciary relation with reference to the money collected”; and with reference to the Ohio taxes, “The relationship is that of a fiduciary relation of a public nature created by law.”
 

 
 *649
 
 As will be shown later, we think appellant’s contention is correct in respect of its relationship to the state of Michigan. Assuming that appellant is correct also as to Ohio, we are at once met with the query in respect of all such taxes, by what right does appellant attempt to set off the funds belonging to its principals against claims owing to appellant in its own right? Of course, the agent or fiduciary may be compelled to account in equity to' his principal, but this does not convert appellant’s liability to his principal into an account payable. An account payable results from the relationship of debtor and creditor. In the event of the debtor’s failure, the creditor has to participate in the debtor’s assets pro rata. In case an agent or fiduciary fails to account to his principal the relationship is not that of debtor and creditor for the reason that the ownership of the fund is in the principal and the principal may follow and recover the entire fund without sharing with creditors to whom accounts payable are owing.
 

 Appellant argues for a liberal construction of the term “accounts payable” as used in Section 5327, General Code. The benefit of a doubt is to be given to the taxpayer in the construction of tax laws. But there must first be some doubt. The positive language of the statute in question eliminates taxes and assessments from the category of accounts payable.
 

 In the case of
 
 Black-Clawson Co.
 
 v.
 
 Evatt, Tax Commr.,
 
 139 Ohio St., 100, 106, 38 N. E. (2d), 403, we called attention in the concurring opinion to the fact that prior to the amendment of Section 5327, General Code, in 115 Ohio Laws, 553, the taxpayer was permitted to deduct the sum total of his debts and obligations from accounts receivable. The purpose of the amendment was to narrow the class of liabilities which might be deducted from accounts receivable and prepaid items. It is within the power of the General Assembly not to allow any deduction and to tax re
 
 *650
 
 eeivables at their face value.
 

 At a time when all legal
 
 bona fide
 
 debts might be deducted under Section 5327, General Code, this court held in
 
 Tax Commission
 
 v.
 
 National Malleable Castings Co.,
 
 111 Ohio St., 117, 144 N. E., 604, 35 A. L. R., 1448:
 

 “The Legislature in its definition of ‘credits,’ in Section 5327, General Code (95 O. L., 533), used the word ‘debts’ in the significance of an obligation based, upon contract express or implied, and did not thereby include taxes due the government of the United States;, nor thereby authorize the deduction of such taxes, from the sum of all legal claims and demands.”
 

 “Account payable ” is a narrower term than ‘ ‘ debt. ’ ’’ Yet the authorities generally hold that taxes do not come within the ordinary meaning of the word “debt,” this term being limited usually to liabilities arising-out of contract.
 

 We are not unmindful of the cases of
 
 Welsh
 
 v.
 
 Perkins,
 
 8 Ohio, 52, and
 
 Creps
 
 v.
 
 Baird,
 
 3 Ohio St., 277, holding that under the facts of these cases taxes were debts.
 

 Under appellant’s theory
 
 that it is an agent or fiduciary in respect of the items in question, such items do not become mere debts of appellant but are funds of the states of Ohio and Michigan collected by appellant as agent. Certainly such funds may not be deducted from appellant’s accounts receivable and prepaid items under Section 5327, General Code.
 

 Appellant argues that because it increases the price of its fuel to its customers by the amount of the respective taxes, the amount of these taxes is in its accounts receivable and an equitable treatment would require the deduction claimed. That is a matter to be addressed to the General Assembly rather than to the courts. We are here limited to the amounts of deductions fixed by the General Assembly. If the matter were one of equitable cognizance we would have
 
 *651
 
 to know the amount of the taxes in the accounts receivable at the time of the claimed deduction. Even if appellant’s credit terms to its customers coincided with its accounting or payment date to the respective states, common experience would tell us that the amounts claimed as taxes in the accounts receivable would seldom, if ever, balance with the amount of taxes claimed as an accounts payable deduction.
 

 We come then to the appellant’s claim that these Ohio excise taxes on the privilege of use, distribution and sale within this state of motor vehicle fuel and liquid fuel should not be construed as taxes or assessments under Section 5327, General Code, for the reason that such taxes are not imposed upon the dealer but upon the ultimate consumer.
 

 Under Section 5526, General Code, appellant is a dealer in motor vehicle fuel.
 

 Under Section 5542-1, General Code, appellant is a dealer in liquid fuel.
 

 Under Section 5527, General Code, an excise tax is
 
 “imposed on all dealers
 
 in motor vehicle fuel upon the
 
 use, distribution or sale
 
 within the state by them of motor vehicle fuel at the rate of one and one-half cents (1 %e) per gallon so used,
 
 distributed or sold * *
 
 *.
 

 “After the excise tax herein provided for on the
 
 sale, distribution or use
 
 of any motor vehicle fuel
 
 has been paid by the dealer, such motor vehicle fuel may thereafter be used or sold or resold by any person having lawful title to the same, without incurring liability-for such tax”
 
 (Italics ours.)
 

 The phrase last quoted whereby “such motor vehicle fuel may thereafter be used or sold or resold by any person having lawful title to the same, without incurring liability for such tax,” seems a complete answer to appellant’s contention that the tax is not laid upon, the dealer but upon the consumer.
 

 
 *652
 
 Likewise the additional excise tax on motor vehicle fuel under Section 5541, General Code, is “imposed on-all dealers in motor vehicle fuel, upon the use, distribution, or sale within the state by them of motor vehicle fuel * * * .”
 

 The language of the foregoing sections is plain and fully justified this court in holding in the cases of
 
 City of Cincinnati et al.
 
 v.
 
 Cincinnati Oil Works Co. et al.,
 
 123 Ohio St., 448, 450, 175 N. E., 699: “The state gasoline tax is imposed by the state upon the business of the owner of the filling station, and not upon the consumer of the gasoline.”
 

 If there were any doubt left it should be removed by the provisions of Section 5528, General Code, wherein the dealer is required to assume the liability for and pay the tax on any shipment of motor vehicle fuel from the outside into the state for sale in the state to one not a dealer. Sections 5528 and 5528-1, General Code, require a dealer to give a bond conditioned that the dealer shall pay to the treasurer of state “any and all motor vehicle fuel excise taxes * * * '.” Under Section 5528-2, General Code, if a dealer fails “to pay the full amount of the tax as required by the motor vehicle fuel laws of the state of Ohio, or as may be agreed upon by and between the commission [commissioner] and the dealer, the tax commission [commissioner] may forthwith revoke the license of said dealer * * *.” Under Section 5529-1, General Code, the dealer is required to “pay to the treasurer of state the full amount of the motor vehicle fuel tax for the next preceding calendar month * * *.”
 

 While some of the language in Section 5527 respecting the distribution of the burden of the tax, such features as the refunding provisions of Section 5531 or Section 5534, General Code, or the agreement to assume the liability for the taxes on the shipments into the state might, if isolated, raise some question as to the relationship, yet when the entire act, and
 
 *653
 
 especially Sections 5527 and 5541, is considered it is-clear that the tax- is levied against the dealer for the privilege of doing business as a dealer and is to be-' measured by the amount of business done. As the ulti-. mate consumer pays a price enhanced by the tax, the-burden is spread upon those who use the privilege of driving motor vehicles on the highways and streets of' the state.
 

 Under Section 5536-la, General Code, in addition to all other remedies for the collection of any taxes or fees due, the Attorney General may issue a warrant directed to the sheriff of any county commanding the-sheriff to levy upon and sell the goods and chattels of such dealer, without exemption, found within his jurisdiction, for the payment of the amount of such delinquency with the added penalties and interest and the cost of executing the warrant and to return such warrant to the Attorney General and to pay Mm the-money collected by virtue thereof.
 

 Section 5536-17», General Code, provides:
 

 " The claim arising by reason of delinquent gasoline taxes shall be a preferred claim against all of the assets of the dealer, real and personal.”
 

 Certainly such a claim may not be considered as a current account payable.
 

 The liquid fuel tax law, Sections 5542-1 to 5542-lSc,. General Code, has provisions similar to the provisions-of the motor vehicle fuel tax laws above referred to-both as to imposition, remedy and other features discussed above in respect of the motor vehicle fuel tax' laws.
 

 As to the Ohio motor vehicle and liquid fuel excise-taxes, we hold that the amounts of these taxes which have not been paid to the Treasurer of State may not be deducted from the amount of current accounts receivable and prepaid items in arriving at the amount of credits to be returned for taxation under Section 5327, General Code.
 

 
 *654
 
 Coming to the Michigan taxes: Under the Compiled Laws of Michigan (Mason’s 1940 Cumulative Supplement to the Compiled Laws of Michigan, 1929, page 366) Section 3583 (Public and Local Acts of Michigan, Session of 1935, page 262) makes it the duty of a wholesale distributor of gasoline to file a monthly report with the secretary of state showing gasoline' receipts
 
 et cetera*
 
 In this section it is provided:
 

 “It shall be the duty of each wholesale distributor, at the time of filing such report, to compute the amount of tax payable on account thereof' at the rate of three cents per gallon, and to pay to, the secretary of state at the time of filing such report the full amount of such tax. * * *”
 

 Section 3583-1 provides (Public and Local Acts of Michigan, Sessions of 1937, page 300):
 

 “Every registered wholesale distributor as defined in this act, who sells or distributes any gasoline for any purpose, shall collect from the purchaser, three cents per gallon or fraction of a gallon on all gasoline sold and any and all sums of money so paid by the purchaser tc the said registered wholesale distributor as taxes upon gasoline, upon which the tax imposed by this act has not theretofore been paid to the secretary of state, shall be and remain public money, the property of the state of Michigan, and shall be held in trust in a separate account and fund by such wholesale distributor for the sole use and benefit of the state of Michigan until paid over to the secretary of state as hereinbefore provided. ’ ’
 

 Section 3591 (Public and Local Acts of Michigan, Sessions of 1935, page 263) is similar to the Ohio Section 5536-la save that the duty is placed upon the Secretary of State of Michigan instead of on the Attorney General as in Ohio.
 

 Section 3593-1 of the Compiled Laws of Michigan (Public and Local Acts of Michigan, Regular and Extra Sessions of 1937, page 301) provides that: Tax
 
 *655
 
 moneys collected on gasoline “are trust funds in the hands of the persons, firm, association or corporation and the property of the state of Michigan,” and declares the withholding or appropriation of any part of such funds to be embezzlement.
 

 Under Section 12102-31, Ohio General Code, this court takes judicial notice of the laws of Michigan. Under Michigan statutes appellant had no title to the Michigan gasoline taxes and, therefore, had no right to offset these funds held as a fiduciary under the claim that they were an account payable as that term is used in Section 5327 of our General Code.
 

 Irrespective of the fiduciary relationship of the appellant to the state of Michigan, the funds in question represent taxes and under the provisions of Section 5327, General Code, may not be included in accounts payable. In this connection the case of
 
 Arneson
 
 v.
 
 W. H. Barber Co.,
 
 210 Minn., 42, 297 N. W., 335, the Supreme Court of Minnesota held in respect of a Minnesota statute:
 

 “The fact that the distributor is ‘authorized’ to charge to his vendee taxes so paid and that as to the vendee the distributor occupies a fiduciary relationship as to the sum collected does not change the distributor from a taxpayer to a taxgatherer, since the distributor is required to meet the tax irrespective of whether he collects from his vendee any portion of it.”
 

 In the course of the opinion it is pointed out that the distributor is deemed to have paid such tax “for and on behalf of the person using such gasoline in motor vehicles in this state.”
 

 As to the Ontario gasoline taxes, we find no testimony in respect thereof in the record. In appellant’s brief it is said in respect of the Ontario gasoline tax that at the time of the hearing the governing Ontario law was not available and in the absence of such law appellant suggested the applicability of the law of the forum. We, therefore, hold that the decision of
 
 *656
 
 the Board of Tax Appeals upholding the Tax Commissioner’s finding in respect of the Ontario gasoline tax should be affirmed.
 

 This leaves the question as to the deductibility of the amount of the coupons outstanding as accounts payable.' These coupon books are sold at par with coupons in the denominations of 1 cent, 5 cents, 10 cents, 25 cents and 50 cents, the books being of the value of $5, $10 and $25. These books are issued for the convenience of the customers who buy at retail and will be honored at any one of a number of retail establishments for either merchandise or cash. All of these coupons and books must be redeemed by appellant in cash upon demand. Appellant’s Accountant testified that in the normal course of business there would not be any of these coupons that would be a year old.' ITe said that the limit for these coupons to be outstanding would be six months. Therefore, these outstanding-coupon books constitute a current liability. They are analogous to a non-negotiable note payable on demand and come within the meaning- of current accounts payable founded upon a consideration actually received by appellant. Therefore, the amount of these outstanding coupon books being a proper credit to accounts payable may be deducted from the sum of all current accounts receivable and prepaid items as provided in Section 5327, General Code.
 

 Under Section 5611-2, General Code, it becomes our duty to modify the decision of the Board of Tax Appeals in the following particulars, to wit:
 

 1. The Tax Commissioner’s corrected tax certificate for the year 1937 is so modified as to allow a deduction from appellant’s accounts receivable and prepaid items in' the amount of $33,220 as accounts payable, representing outstanding coupon books.
 

 2. The Tax Commissioner’s corrected tax certificate for the year 1938 is so modified as to allow a deduction from appellant’s accounts receivable and pre
 
 *657
 
 paid items in the amount of $25,071 as accounts payable, representing outstanding coupon books.
 

 3. The Tax Commissioner’s corrected tax certificate for 1939 is so modified as to allow a deduction from appellant’s accounts receivable and prepaid items in the amount of $21,837, as accounts payable, representing outstanding coupon books.
 

 Being of the opinion that the decison of the Board of Tax Appeals except as herein modified is reasonable and lawful, such decision as modified should be and hereby is affirmed and final judgment shall be entered accordingly. Costs should be paid one-half by appellant and one-half by appellee.
 

 Decision modified and affirmed as modified.
 

 '
 
 Weygandt, C. J., Matthias, Hart and Zimmerman, JJ., concur.
 

 Bell, J., dissents.
 

 Williams, J., not participating.