Bell, J.,
 

 dissenting. There are several questions decided in this case and with two conclusions reached by the majority I do not concur.
 

 First.
 
 That the tax levied under Sections 5527 and 5541, General Code, is an excise tax levied against the dealer in motor vehicle fuel for the privilege of doing business as a dealer.
 

 House Bill
 
 No.
 
 44 was passed by the General Assembly in April 1925 (111 Ohio Laws, 294). That act embraced what now are Sections 5526 to 5540, General Code, both inclusive. The language now found ■ in Section 5527, General Code, was contained almost verbatim in the original act, although a part of such language has been transposed by numerous amendments. The constitutionality of the original act was challenged in the case of
 
 State, ex rel. James,
 
 v.
 
 Brown, Secy, of State,
 
 112 Ohio St., 590, 148 N. E., 95.
 

 
 *658
 
 In determining- whether the tax levied by Section 5527, General Code,’ was a tax upon property or an excise tax, Judge Robinson, in
 
 State, ex rel. James,
 
 v.
 
 Brown, Secy, of State, supra,
 
 at page 596, uses this language:
 

 “The tax is upon the enjoyment of the privilege of using motor vehicle fuel in traveling upon the highways and streets of the state, and comes clearly within the definition of an excise tax as defined by this court in the case of
 
 Saviers
 
 v.
 
 Smith, supra:
 

 “ ‘An excise is a tax imposed on tire performance of an act, the engaging in an occupation or the enjoyment of a privilege, and by the provisions of Section 10, Article XII of the Constitution, specific authority has been conferred for the levying of such a tax.’ ”
 

 Later the question was again before this court. In the case of
 
 City of Cincinnati
 
 v.
 
 Cincinnati Oil Works Co.,
 
 123 Ohio St., 448, 175 N. E., 699, in a
 
 per curiam
 
 ■opinion, the court, at page 450, said:
 

 “The state gasoline tax is imposed by the state upon the business of the owner of the filling- station, and not upon the consumer of the gasoline.”
 

 The language of Section 5527, General Code, is not clear or free from doubt, and this statement applies equally to Section 5541, General Code, for the reason that the language of Section 5527, General Code, is incorporated in Section 5541, General Code, by reference.
 

 The stated purpose of Section 5527, General Code, is to provide revenue for maintaining the state highway system and for enabling the several counties and municipal corporations of the state to maintain, repair and repave their roads and streets
 
 “and for distributing equitably upon those persons using the privilege of driving such motor vehicles upon such highways and streets a fair share of the cost of maintaining and repairing the same,
 
 an excise tax is hereby imposed
 
 *659
 
 on all dealers in motor vehicle fuel upon the use, distribution or sale within the state by them of motor vehicle fuel.”
 

 To my mind this is not an excise tax upon a dealer for the privilege of engaging in a business.
 

 Had the General Assembly intended to levy an excise tax upon the dealer for the privilege of doing business it could have so stated in plain and unambiguous language as was done in Section 5542-2, General Code. If Section 5527, General Code, be construed to levy the motor vehicle fuel tax upon the same class of persons as the liquid fuel tax then this language found in Section 5527, General Code, is
 
 meaningless¡
 
 “And for distributing equitably upon those persons using the privilege of driving such motor vehicles upon such highways and -streets a fair share of the cost of maintaining and repairing the same.”
 

 This language to me means that the General Assembly intended to distribute the cost of maintaining the highway system by levying a tax upon those persons using the privilege of driving motor vehicles upon the highways in proportion to the amount of the use.
 

 The expressed purpose is not consistent with the conclusion that the tax is levied upon the dealer for the privilege of doing business.
 

 The dealer, like all other persons, pays the tax according to the amount of motor vehicle fuel he uses when exercising the privilege of driving a motor vehicle upon the highways.
 

 Further evidence of the intent of the General Assembly is found in Section 5534, General Code, wherein it is provided in substance that
 
 any person
 
 who shall use any motor vehicle fuel for any purpose other “than propelling a motor vehicle upon the public highways is entitled to a refund of the tax.
 

 
 *660
 
 It is to be noticed that tbe refund is given to tbe consumer and not the dealer. There is some doubt as to the power of the General Assembly to levy an excise tax upon one person for the privilege of engaging-in a business and to refund a portion of such tax to some other person.
 

 In the construction of statutes where the language used is ambiguous, that construction should be adopted which gives effect to the purpose of the enactment as stated by the General Assembly.
 

 Section 5527, General Code, has been construed by other governmental authorities, and while their construction is not binding upon this court, such construction is entitled to consideration and when such construction has been acted upon by such authorities for a period of years it should not lightly be cast aside.
 

 The construction placed upon Sections 5527 and 5541. General Code, by other governmental authorities is that the tax is levied upon the consumers of motor vehicle fuel when used upon this roads for the purpose of propelling motor vehicles.
 

 I concur in Judge Robinson’s conclusion that the tax is levied upon the enjoyment of the privilege of using motor vehicle fuel in traveling upon the highways and streets of this state.
 

 A comparison of the motor vehicle fuel act and the act creating the Ohio sales tax will disclose that they are almost identical in the manner of their operation. The language employed is not the same, but in both acts the dealer pays the tax to the state and collects from the consumer and any refunds of the tax are made to the consumer.
 

 Both of these stautes in my judgment are taxes laid upon consumers.
 

 Second.
 
 The effect of the holding in the majority opinion is that a taxpayer having included excise taxes in current accounts receivable cannot delete the
 
 *661
 
 amount of such taxes from current accounts receivable or insert in current accounts payable an item, corresponding in amount, for the purpose of determining the taxable credit defined in Section 5327, General Code.
 

 At the outset it should be observed that the grant of power to assess taxes is found in the Constitution, wherein authority is granted the General Assembly to levy property and excise taxes.
 

 Section 5327, General Code, provides:
 

 “The term ‘credits’ as so used, means the excess of the sum of all current accounts receivable and prepaid items' used in business when added together estimating every such account and item at its true value in money, over and above the sum of current accounts payable of the business, other than taxes and assessments. ‘Current accounts’ includes items receivable or payable on demand or within one year from the date of inception, however evidenced. ‘Prepaid items’ does not include tangible property. In making up the sum of such current accounts payable there shall not be taken into account an acknowledgment of indebtedness, unless founded on some consideration actually received, and believed at the time of making such acknowledgment to be a full consideration therefor; nor an acknowledgment for the purpose of diminishing' the amount of credits to be listed for taxation.”
 

 The record discloses that the appellant included in its current account receivable all of the taxes imposed under Sections 5527 and 5541, General Code, and Section 5542-2, General Code.
 

 Section 5327, General Code, provides that taxes and assessments cannot be included in current accounts payable for purposes of deduction from current accounts receivable in arriving at the value of “credits.” However, when a taxpayer includes items of taxes in current accounts receivable under mistake of fact or
 
 *662
 
 law, such taxpayer should have the right, upon sufficient proof of the facts, either to delete such items from current accounts receivable or -to place a corresponding amount in current accounts payable for the purpose of deduction from current accounts recéivable. Such procedure would not violate the provisions of Section 5327, General Code.
 

 Assuming for this phase of the case that motor vehicle and liquid fuel taxes are excise taxes upon the dealer, if the taxpayer has included such taxes in current accounts receivable and those items cannot be deleted therefrom or an item corresponding in amount cannot be placed in current accounts payable for purposes of deduction from current accounts receivable in determining the value of the taxable credit, such holding would be unjust and would amount to double taxation.
 

 The decision of the Board of Tax Appeals should be reversed as to the items of motor vehicle and liquid fuel taxes and the cause should be remanded with instructions to hear any evidence which appellant may offer and to determine what amount, if any, of these taxes were included in current accounts receivable.
 

 I concur in the conclusions reached upon the other questions presented.