Stewart, J.
In open court the attorneys for Red Top withdrew from the consideration of this court all assignments of error except those as to whether the deposits made by customers of Red Top to insure the return of “cooperage,” bottles, and cases, in which Red Top’s product was sold, constituted current accounts payable within the meaning of that term in Section 5327, General Code, and whether Red Top was entitled to a 32 per cent reduction for outstanding cartons, cases and bottles, which were never returned and were presumably lost, to cover such items for eight years instead of the four per cent allowed by the board for the year 1948.
We come to the consideration of the first question.
Section 5327, General Code, reads in part as follows :
“The term ‘credits’ as so used, means the excess *262 of the sum of all current accounts receivable and prepaid items used in business when added together estimating every such account and item at its true value in money, over and above the sum of current accounts payable of the business, other than taxes and assessments. ‘Current accounts’ includes items receivable or payable on demand or within one year from the date of inception, however evidenced. ‘Prepaid items’ does not include tangible property. * * *”
The facts in the present case are not in dispute.
The record discloses that when Bed Top sold a case of beer a deposit of 27 cents for the case and 48 cents for the bottles was made by the customer, the amount of such deposit being fixed by the rule of the Board of Liquor Control. When a customer returned these containers, he received regardless of their condition 75 cents in cash or a credit for that amount on subsequent purchases. Ninety-six per cent of the containers were returned within a three-to four-month period. The obligation of Bed Top to refund these deposits upon the return of the cases and bottles was unconditional.
The question to be decided is, did these deposits of Bed Top’s customers constitute items payable on demand?
The commissioner contends that the rule laid down in the case of Black-Clawson Co. v. Evatt, Tax Commr., 139 Ohio St., 100, 38 N. E. (2d), 403, is controlling. In that case advance payments made by the buyers of machinery, thereafter to be constructed by the taxpayer, were involved. Obligation to refund such payments arose only if there was a default in performance by the taxpayer.
In considering the nature of such advance payments this court held:
“Advance payments made by the buyer upon the purchase price of a machine to be constructed or un *263 der construction but not completed, may not be listed by the seller-manufacturer as ‘accounts payable’ and deducted from the sum of ‘accounts receivable and prepaid items’ in determining credits as defined in Section 5327, General Code.”
It will be noted that in the Blach-Clawson case the advance payments were repayable only in the event that the taxpayer breached his contract by not constructing the machinery according to his agreement, and obviously the obligation of the taxpayer to return payments in case of a breach of contract could not constitute items payable on demand.
The facts in the present case are somewhat analogous to those in the case of Hickok Oil Corp. v. Evatt, Tax Commr., 141 Ohio St., 644, 49 N. E. (2d), 937. That case involved the deductibility as accounts payable of certain coupon books sold by the taxpayer and which were redeemable either in merchandise or cash at the option of the purchaser. It appeared that in a normal course of business all the coupons outstanding would be redeemed within six months.
Paragraph seven of the syllabus in the Hichoh case reads:
“Where a taxpayer sells coupon books at par redeemable in merchandise or cash upon demand and where the evidence shows that none of such books remain outstanding for more than one year, the taxpayer may deduct the amount of such coupon books outstanding from the sum of his current accounts receivable and prepaid items as current accounts payable under Section 5327, General Code.”
In the present case, purchasers of Red Top’s beer were required to pay to Red Top deposits for the return of “cooperage,” bottles, and cases, in which Red Top’s beer was sold, in the amounts designated by the Board of Liquor Control. Upon the return of such receptacles, Red Top was unconditionally obligated to *264 pay to its customers 75 cents for each case. As has been said, the evidence shows that 96 per cent of the cases were returned within a year, the remaining four per cent being lost or destroyed.
In its decision the board held that the customers’ deposits did not constitute accounts payable but were in the nature of gratuitous bailments and, therefore, cannot be deducted from Red Top’s accounts receivable and prepaid items. However, it seems to us that when a statute contains language which is clear and unambiguous, this court must give effect to that language as it is written.
Section 5327, General Code, provides:
‘ ‘ Current accounts includes items receivable or payable on demand or within one year from the date of inception, however, evidenced.”
Assuredly Red Top’s customers’ deposits were items; they were payable on demand and the payment was demanded within one year from the date of the deposits.
The mere fact that containers must have been returned in order that Red Top’s customers might demand payment of their deposits did not make the deposits any less payable on demand than would be the case of a demand note secured by collateral and which need not be paid except upon the return of that collateral.
We are constrained to hold that under the plain, unambiguous language of Section 5327 the money which Red Top held as deposits from its customers constituted current accounts payable and that the commissioner was in error in refusing to permit its deduction from the current accounts receivable and prepaid items as disclosed by Red Top’s tax return.
With reference to the second question, Red Top *265 urges that the board erred when it failed to allow a reduction in the value of the wooden cases and paper cartons which Red Top contends was the percentage of such cases and cartons which were lost or destroyed over a period of eight years prior to and including the tax year 1948, and that the board was in error in allowing only four per cent deduction, the amount concededly lost in the tax year 1948.
A similar claim for such deduction was involved in the motion to amend the notice of appeal in the board’s case No. 19927, which asserts that the determination of the value of the bottles as distinguished from cases and cartons was erroneous by reason of the increase over the amount returned by Red Top in its tax return and the fact that 32 per cent of them had been destroyed during the eight-year period.
This claimed error was not considered by the board because of its refusal to permit the amendment of the notice of appeal.
By reason of the withdrawal from our consideration of the assignment of error with reference to the refusal to permit the amendment of the notice of appeal, we do not have before us the question of the “value of bottles.”
The decision of the board limiting the loss allowance to four per cent of the cases and cartons for the tax year 1948 does not justify a presumption that four per cent of the same number of cases and cartons were lost in each of the preceding years. There is no evidence in the record to disclose the approximate number of such containers or the cost price thereof in years other than 1948. It is obvious that a different number of containers would be purchased or owned in each year and that the cost thereof would vary from year to year as would the number shipped locally and to distant places, and the mere recitation that losses *266 had occurred for eight years is insufficient to establish that there should be a 32 per cent reduction of the 1948 valuation where, as a matter of fact, there was only a four per cent loss of the cartons and containers for that one year.
The board did not err when it refused to allow a greater deduction than the four per cent.
The decision of the Board of Tax Appeals affirming the order of the commissioner in his refusal to allow a reduction by reason of customers’ deposits from “current accounts receivable” is reversed and the decision of the Board of Tax Appeals in all other respects is affirmed.

Judgment accordingly.

Weygandt, C. J., Zimmerman, Middleton, Taft, Matthias and Hart, JJ., concur.