Ernest GRIGGS, Commissioner, etc., Appellee,

v.

PEERLESS INSURANCE COMPANY, Appellant.

Supreme Court of Tennessee.

Sept. 29, 1975.

Butler, Vines, Babb & Treadgill, Knoxville, for appellant.

Sam J. McAllester, Jr., Nashville, for appellee.

## OPINION

WILLIAM M. LEECH, Special Justice.

This is an action by the Commissioner, Department of Employment Security for the State of Tennessee, to recover from the defendant, Peerless Insurance Company, contributions due from Ransom Enterprises, Inc. as provided by the "Tennessee Employment Security Law". (§ 50–1301 et seq. T.C.A.) This action against Peerless is a direct action on the performance bonds required by § 12–417 et seq. T.C.A.

The material facts giving rise to this action are as follows:

In 1968 Ransom Enterprises, Inc. entered into two separate contracts with two separate Housing Authorities for the construction of public housing, and being public contracts, the contractor was required by § 12–417 Tennessee Code Annotated to execute performance bonds, and the bonds were issued by the defendant, Peerless Insurance Company. Both bonds are identical in terms and conditions. One of the contracts was with the LaFollette Housing Authority and the other with the Hartsville Housing Authority, and each bond complied with the provisions of § 12–417 T.C.A. and provided only for liability for labor and materials used by the contractor, or any immediate or remote subcontractor in said contract. Thus, in the absence of § 12–423 T.C.A. only laborers and materialmen would have been protected by the bonds. However, the provision "that such contractor shall *promptly* make payment of all taxes, licenses, assessments, *contributions*, penalties, and interest thereon when, and if, the same may be lawfully due this state, or any county, municipality or political subdivision thereof *by reason of and directly connected with the performance of such contract or any part thereof*," was by statute written into the bond although not expressly written therein. (Emphasis added. T.C.A. 12–423).

Prior to December 1968 Ransom Enterprises, Inc. experienced financial difficulties, and Peerless stepped in and assisted in completing the construction. From the returns filed in the name of Ransom Enterprises, Inc. there was due contributions totalling $5,547.14 by reason of wages paid connected with the contracts for the year 1969.

The then Commissioner of Employment Security took the position that by reason of Peerless stepping in and controlling the completion of the construction, that Peerless was the employer and therefore made an assessment for that amount against Peerless under the authority of § 50–1329 T.C.A. Peerless paid the assessment under protest as provided by subsection "G" of § 50–1329 T.C.A. and filed suit in the Chancery Court for Davidson County as provided by said subsection "G".

On December 4, 1973 Chancellor Ben H. Cantrell decreed, "that Plaintiff, Peerless Insurance Company, was not an employer under the terms and conditions of the Tennessee Employment Security Law and therefore was not liable for the taxes as such, which were paid under protest." He further held: "The Court further finds that T.C.A. 12–423 was not applicable to the case at bar inasmuch as the issue was not raised in the pleadings and thus not before the Court."

The defendant in that case did not appeal from that decree and same became final. On February 20, 1974 the Commissioner filed this action against Peerless on the bond as provided by T.C.A. 12–423 and 12–424.

The defendant specifically pled lack of notice as provided by § 12–421 T.C.A. and the Statute of Limitations as provided by § 12–422 T.C.A. The defendant also specifically pled judicial estoppel by reason of the former suit and laches.

On December 6, 1974 the Chancellor filed a memorandum wherein he overruled all defenses of the defendant and a decree for plaintiff was entered granting the relief prayed for in the complaint. Defendant was granted and perfected an appeal to this Court.

The assignments of error are to the action of the Chancellor in overruling defendant's pleas to lack of notice; the statute of limitation of six months as set out in T.C.A. § 12–422; and equitable estoppel by reason of the former suit.

We will first consider if §§ 12–421 and 12–422 T.C.A. are applicable to the claim of plaintiff.

These two sections of the Code read as follows:

"12–421. *Notice of claim.*—Such furnisher of labor or material, or such laborer, to secure the advantage of §§ 12–417—12–422, shall, after such labor or material is furnished, or such labor is done, and within ninety (90) days after the completion of such public work, given written notice by return-receipt registered mail, or by personal delivery, either to the contractor who executed the bond, or to the public official who had charge of the letting or awarding of the contract; such written notice to set forth the nature, and itemized account of the material furnished or labor done, and balance due therefor; and a description of the property improved; provided, that in the case of public work undertaken by a municipality, or any of its commissions, notice, or statement herein required, so mailed or delivered to the mayor thereof, shall be deemed sufficient; in the case of public work by any county or any of its commissions, notice or statement herein required, so mailed, or delivered to the chairman of the county court of such county, shall be deemed sufficient; in the case of public work by the state, or any of its commissions, notice and statement herein required, so mailed, or delivered to the governor, shall be deemed sufficient."

"12–422. *Joinder of parties—Limitation of actions.*—Several persons entitled may join in one suit on such bond, or one may file a bill in equity in behalf of all such, who may, upon execution of a bond for costs, by petition assert their rights in the proceeding; provided, that action shall be brought or claims so filed within six (6) months following the completion of such public work, or of the furnishing of such labor or materials."

Sections 12–423 and 12–424 Tennessee Code Annotated read as follows:

"12–423. Bond to pay taxes, licenses, and other amounts due.—Any person, firm or corporation entering into a formal contract with this state, or any county thereof, municipality or political subdivision, or any public board, department, commission or institution thereof for the construction of maintenance of public buildings, works or projects, or the doing of repairs to any public building, works or projects, shall be required, before commencing on such work, covered by such contract, to execute the usual bond with good and sufficient sureties, as required by law, with the additional obligation that such contractor shall promptly make payment of all taxes, licenses, assessments, contributions, penalties, and interest thereon when, and if, the same may be lawfully due this state, or any county, municipality or political subdivision thereof by reason of and directly connected with the performance of such contract or any part thereof. From and after February 21, 1947, any such bond shall be deemed to include the foregoing obligation irrespective of whether or not the same be expressly written into such bond. [Acts 1947, ch. 33, § 1; C.Supp.1950, § 7955.1 (Williams, § 1689.6).]

12–424. Action on bond.—In default of the prompt payment of all such taxes, licenses, assessments, contributions, damages, penalties and interest thereon, as may be due by any such contractor, a direct proceeding on said bond may be brought in any court of competent jurisdiction by the proper officer or agency having lawful authority so to do, to enforce such payment; the right to so proceed in this matter being cumulative and in addition to such other remedies as may now be provided by law. [Acts 1947, ch. 33, § 2; C.Supp.1950, § 7955.1 (Williams, § 1689.7).]"

The Chancellor held that the statute of limitations of six years as set out in § 67–1323 applied and not § 12–422.

■ T.C.A. § 67–1323 does not apply to the claim for contribution by the Department. In *Hake v. Warren*, 184 Tenn. 372, 199 S.W.2d 102 (1947) the Court said:

"The tax sought to be collected in the instant case is not a tax in the sense that

it is levied for the support of the general government. It is levied and collected for a special purpose, to-wit, to pay compensation to unemployed persons who can qualify under the act to receive benefits." 184 Tenn. 375, 199 S.W.2d 103.

The Employment Security Act, (Chapter 29, Acts of 1947) imposes upon each "Employing unit" an obligation to pay "contributions" defined as money payments to the state unemployment fund required by the Act, and § 50–1331 T.C.A. requires these funds to be placed in a separate fund for the benefit of unemployed persons meeting the requirements of the Act. The Act provides for the collection of these contributions from the "employer" and provides the method of collecting the contributions from the employer, and not from anyone else.

The action in *Hake* was a direct action against the employer for delinquent contributions owed by the employer. The act then in existence did not contain a statute of limitations; however, the present Employment Security Law codified as Chapter 13, Sections 50–1301 et seq. in Section 50–1329 sub-section B does provide a six (6) year statute of limitations. The case, however, does require that the right to levy and collect the contributions be strictly construed against the collecting authority. Subsection B of Section 50–1329 provides:

"If, *after due notice, any employer* defaults in any payment of contributions or interest thereon, the amount due shall be collected by civil action in the name of the commissioner, and the *employer* adjudged in default shall pay the cost of such action." (Emphasis added).

The same section also provides for the issuance of a distress warrant against the *employer.*

█ It is evident that after the decision in *Hake* the Legislature thought that a time limit should be provided for the protection of the employer. The Employment Security Act does not give the commission authority to *levy* and *collect* contributions from a surety on a performance bond exe-

cuted in compliance with Section 12–417 T.C.A. and the statutory liability written therein by Section 12–423 T.C.A.

In *Hake, supra,* the Court held that this was a *claim* of the State of Tennessee, and the Court said:

"Regardless of whether it is a taxing statute or one to enforce 'contributions' for a special purpose, the rule is the same—that is, that the right to levy and collect 'must be construed strictly against the taxing authority,' or collecting authority."

█ What is the effect of the provisions of § 12–423 that writes into the performance bond "that the contractor shall *promptly* make payment of all . . . *contributions* . . . when, and if, the same may be lawfully due this state . . ."? (Emphasis added).

In the absence of Section 12–423 (Acts 1947, ch. 33, sec. 1) the performance bond required by Section 12–417 T.C.A. would not have included contributions due the Department of Employment Security. The 1947 Act pertains to public contracts and is codified in the chapter under "Public Contracts". The reference therein to "the usual bond with good and sufficient securities, as required by law", refers to the bond required by Section 12–417 T.C.A. and all sections on the same subject are relevant in interpreting the legislative intent. Procedures for collecting against the employer are contained in the Employment Security Act and a procedure for collecting against a surety and the performance bond is provided by Section 12–424 T.C.A. If the statutory liability written into the bond, places the surety in the shoes of the employer, then and in that event, the procedure provided by Section 50–1329 sub-section B would apply. Section 12–424 T.C.A., the right to proceed on the bond, is cumulative and in addition to the rights under section 50–1329 T.C.A. and gives to the department a remedy, if the department elects not to proceed against the employer. Strictly construed

against the collecting authority, section 12–424 does not grant the department the same broad powers to proceed against the surety and the performance bond at anytime within six (6) years, as is granted by Section 50–1329 for an action against the employer.

In *Air Temperature, Inc. v. Morris*, 63 Tenn.App. 90, 469 S.W.2d 495, 499 (1970), the Court said:

"In order to provide protection and a remedy for the furnishers of materials to contractors who are engaged in a public improvement for a county, the Legislature enacted T.C.A. §§ 12–417 through 12–422."

See also *Scott v. Travelers Indemnity Company*, 215 Tenn. 173, 384 S.W.2d 38 (1964), wherein it is stated that, "[T]he purpose of the bond is to afford protection to furnishers of materials and laborers, since they have no lien on public constructions."

 The bonds in this case are practically the same as the bond in *Scott v. Travelers, supra*, and each bond provides it shall be for the use of the respective Housing Authority and the furnishers of materials, and labor. Section T.C.A. 12–423 must be read in pari materiae with §§ 12–417 through 12–422. When this is done it is clear that the Legislature by enacting T.C.A. §§ 12–423 and 12–424 placed claims of the state, counties, municipalities, and political subdivisions thereof in the same category as materialmen and laborers and subject to the same restrictions and requirements as all others for whose benefit the bond was required. These governmental agencies by statute become third party beneficiaries the same as all others for whom the bond was executed.

Since the enforcement of the claim of the State for these contributions due the Trust Fund is by direct action on the bond, and the statutory liability written therein by T.C.A. § 12–423, if the provisions of § 12–421 as to notice, and § 12–422 as to the statute of limitation, do not apply, then Section 50–1329 would apply. Can it be said that the Legislature intended to place a time limit upon one class of claimants for whom the bond was first required, and did not apply the same to another class? We think not.

In *Heglar v. McAdoo Contractors, Inc.*, 487 S.W.2d 312 (Tenn.App.1972), there is a full discussion of the difference between statutory and common law bonds and on page 315 the statement is made: "If it is regarded as a common law bond, the suit is not subject to the statutory limitations. If it is regarded as a statutory bond, suit is subject to the statutory limitations."

 By the express terms of the statute the contributions due upon a public contract from the contractor apply only to those wages paid an employee engaged directly in the public facility involved, and therefore require that these contributions must be reported to the department separately from other contributions due from the contractor. The record does not disclose the type of reports required by contractors on public contracts, but under Section 50–1329 the department can require reports that would afford ample opportunity for the department to give notice to the contractor in the same manner as other claimants as provided by Section 12–421 T.C.A. All of the cases cited, with the exception of *Scott v. Travelers, supra*, involved claims of laborers or furnishers of materials and in every case the courts have strictly construed the liability of the surety. A formal determination of liability of a surety and a performance bond should be at a reasonable time, and the provisions of notice and suit on the bond is a reasonable time. While requiring the state to give such notice and bring suit, may require additional rules and regulations, we think that public policy requires that the state comply.

The bond in *Heglar* was a performance bond under T.C.A. § 12–417, and while the issue in that case was between a subcontractor and the prime contractor and the surety, the principle is the same as the case sub judice. In *Heglar* the Court concluded:

"After reviewing the authorities and examining the instant bond, we hold that the bond in this case is no broader than the statute. Therefore, it must be regarded as a statutory bond and *any claimant* thereunder must comply with the terms of the applicable statutes in order to maintain a suit against the surety." (Emphasis added).

Since the claimant in this case did not comply with the applicable statutes, the decree of the Chancery Court is reversed and the case dismissed.

It is not necessary to pass upon the question of equitable estoppel relied upon by defendants, since the case must be dismissed for the reasons above stated.

COOPER, HENRY and BROCK, JJ., concur.

HARBISON, J., not participating.